[Civ. No. 20370. Fourth Dist., Div. Two. Apr. 16, 1979.]

## COACHELLA VALLEY COUNTY WATER DISTRICT, Plaintiff and Respondent, v. NORMAN DREYFUSS et al., Defendants and Appellants.

950

## COUNSEL

Philip F. Lanzafame for Defendants and Appellants.

Redwine & Sherrill and Justin M. McCarthy for Plaintiff and Respondent.

## OPINION

**TAMURA, Acting P. J.**—This is an appeal by property owners from several postcondemnation judgment orders which collectively deny them ordinary court costs, interest for prejudgment possession by the con-

demner, and litigation expenses under Code of Civil Procedure section 1250.410.[1]

In December 1976, Coachella Valley County Water District (plaintiff) filed a complaint in eminent domain to acquire numerous parcels of land, including parcel No. 30 owned by defendants, for flood control purposes. Defendants answered and the case was set for trial for April 24, 1978. On March 28, 1978, pursuant to stipulation, plaintiff obtained an order for immediate possession upon the deposit of $20,940 which sum was disbursed to defendants.

On April 3, 1978, plaintiff served and filed a final offer of compensation of $20,940 pursuant to section 1250.410. On April 5, 1978, defendants filed their final demand under the section for the sum of $36,645. The parties stipulated to waive the statutory requirement that the final offer and demand be filed 30 days prior to the date of trial.

On April 14, 1978, plaintiff served and filed its list of expert witnesses and a statement of valuation data which included the opinion of plaintiff's appraiser that the fair market value of the property was $20,940 with no severance damage. On April 17, 1978, defendants filed their list of experts and statement of valuation data giving their appraiser's opinion that the fair market value of the property was $35,000 with $27,000 severance damage and no special benefits.

Jury selection commenced on April 25, 1978, and was completed on April 26. After the jury was impaneled and sworn, court and counsel met in chambers. Plaintiff's counsel informed the court that the district had decided to accept defendants' final statutory demand. Defendants' counsel responded that "for all intents and purposes" this ended the trial

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

Section 1250.410 provides: "(a) At least 30 days prior to the date of trial, the plaintiff shall file with the court and serve on the defendant its final offer of compensation in the proceeding and the defendant shall file and serve on the plaintiff his final demand for compensation in the proceeding. Service shall be in the manner prescribed by Chapter 5 (commencing with Section 1010) of Title 14 of Part 2.

"(b) If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses. In determining the amount of such litigation expenses, the court shall consider any written revised or superseded offers and demands filed and served prior to or during trial."

but that defendants intended to make a claim for prejudgment interest, costs and litigation expenses under section 1250.410. Plaintiff's counsel indicated that the district would resist any attempt by defendants to recover more than the amount of their final demand. Findings of fact and conclusions of law were waived and plaintiff's counsel was directed to prepare a proposed judgment.

Plaintiffs submitted a proposed judgment providing for just compensation in the sum of $36,645 with no prejudgment interest or costs. Defendants filed an objection to the judgment for failure to provide interest, filed a memorandum of costs and disbursements for ordinary costs and made a motion for litigation expenses under section 1250.410. Plaintiff moved to tax costs and opposed defendants' motions. Following a consolidated hearing, the court granted plaintiff's motion to tax costs, overruled defendants' objection to the judgment, and denied their motion for litigation expenses. Defendants appeal from the judgment and orders.

This appeal presents two issues: (1) Where a condemnation award is based on the condemner's acceptance of a property owner's final demand under section 1250.410, is the property owner entitled to recover ordinary costs as well as interest on the award for the period of the condemner's prejudgment possession? (2) Does section 1250.410 permit an award of litigation expenses where the condemner fails to accept the property owner's final demand until after commencement of trial? For the reasons that follow, we have concluded that the answer to both questions must be in the affirmative.

I

Section 1250.410 provides for the filing of a "final offer of compensation in the proceeding" and a "final demand for compensation in the proceeding." Defendants' final demand read: "Defendants . . . pursuant to Code of Civil Procedure Section 1250.410 hereby [make their] final demand for compensation in the above captioned proceeding in the amount of Thirty Six Thousand Six Hundred Forty Five Dollars ($36,645.00)." Defendants contend that the word "compensation" as used in section 1250.410 and in their demand means compensation for the property taken, severance damage, and any other consequential damage but is not intended to cover ordinary costs or interest on the award for prejudgment possession by the condemner. We agree.

Section 1250.410 (formerly § 1249.3) was enacted in partial response to *County of Los Angeles v. Ortiz,* 6 Cal.3d 141 [98 Cal.Rptr. 454, 490 P.2d 1142, 68 A.L.R.3d 538], wherein the court rejected the property owners' contention that just compensation required reimbursement of litigation expenses. It was argued that pretrial settlements would not be discouraged if award of litigation expenses were conditioned on a finding that the property owner was compelled to litigate the value of his property because the condemner's offer was unreasonable as shown by the ultimate award when compared to the condemner's pretrial offer. The court, however, held that the Constitution did not compel an award of litigation expenses and that recoverability of such costs was a matter for the Legislature.

Section 1249.3 was designed to encourage settlement of valuation disputes by requiring the condemning agency to reimburse the property owner for litigation expenses in cases of unnecessary litigation. (*City of Gardena v. Camp,* 70 Cal.App.3d 252, 258-259 [138 Cal.Rptr. 656]; *County of Los Angeles v. Kranz,* 65 Cal.App.3d 656, 660 [135 Cal.Rptr. 473].) The section initially used the words "final offer to the property" and "final demand for the property" but when it was recodified as section 1250.410, the language was changed to read "final offer of compensation in the proceeding" and "final demand of compensation in the proceeding." The legislative committee comment to section 1250.410 states that the new section continues the substance of the former section "making clear that the offer and demand are to cover all of the compensation in the proceeding, including injury to the remainder, if any, and not merely the value of the part taken." We do not read the change in the language to reflect an intention to require the offer and demand to cover items other than the value of the part taken and damage, if any, to the remainder. Since the purpose of the section is to promote settlement of valuation and damage disputes which otherwise would have to be tried, it is intended to require each side to submit a final figure for which it is willing to settle those issues. This is the meaning of the word "compensation" as it is used in section 1250.410. The eminent domain law makes a distinction between "compensation" and recoverable interests and costs; it provides for interest on the "compensation awarded in the proceeding" (§ 1268.310) and makes specific provisions for recovery of costs (§ 1268.710) in addition to the award of compensation.

Plaintiff contends that if a property owner could claim costs it would have a chilling effect on potential settlements of eminent domain cases.

The argument is unpersuasive. The amounts of those items are readily ascertainable within reasonable limits of accuracy so that the condemner would not, as plaintiff contends, be subjecting itself to an open-ended liability of unknown magnitude by accepting a property owner's final demand.

We conclude that the court erred in striking defendants' cost bill and in denying interest for the period of the condemner's prejudgment possession of the property.

## II

We turn to the order denying defendants' motion for litigation expenses under section 1250.410.[2] Defendants maintain that in light of the compensation awarded (the amount of defendants' final demand), plaintiff's final offer was unreasonable and defendants' final demand was reasonable, both as a matter of law, and therefore their motion for litigation expenses should have been granted. Plaintiff responds that section 1250.410 was intended to permit an award of such expenses only where the amount of compensation is determined by trial or, in any event, only where the property owner's final demand is not accepted until after trial has commenced. Plaintiff contends that in the case at bench trial had not commenced when it accepted defendants' demand.

All of the cases that have arisen under section 1250.410 and its predecessor have been those in which the valuation issue had been actually tried. To our knowledge this is the first case involving the legal effect of a condemner's "acceptance" of a property owner's final demand, both as to whether the acceptance is binding on the property owner and whether it precludes them from seeking recovery of litigation expenses.

Although section 1250.410 requires a final offer and a final demand to be filed 30 days before trial, it says nothing about whether or when the

---

[2]Section 1235.140 defines litigation expenses as follows: " 'Litigation expenses' includes both of the following:

"(a) All expenses reasonably and necessarily incurred in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings.

"(b) Reasonable attorney's fees, appraisal fees, and fees for the services of other experts where such fees were reasonably and necessarily incurred to protect the defendants' interests in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings whether such fees were incurred for services rendered before or after the filing of the complaint."

offer or demand may be accepted or the effect of an acceptance on the right of the property owner to recover litigation expenses. The district's "acceptance" of the owners' final demand after selection and impanelment of the jury poses two problems: (1) Whether the final demand was then subject to acceptance and (2) if so, whether acceptance precluded an award of litigation expenses.

Despite the absence of an express provision that a final offer or demand may be accepted, since the statute was designed to promote settlement it perforce contemplates settlement by acceptance of an offer or demand. At oral argument both parties agreed that the district's acceptance of the property owners' final demand was binding upon the property owners. This is consistent not only with elementary principles of contract law but with the provisions recognizing the right of a party to revise a final offer or demand at any time before or during trial. The section provides that "in determining the amount of such litigation expenses" the court shall consider "any written revised or superseded offers and demands filed and served prior to or during trial." Absent revision or supersession of a final offer or demand or unless a time limitation is prescribed in the offer or demand itself, the final offer or demand would be subject to acceptance at any time before or during trial.[3] In the case at bench the final demand remained open and was subject to acceptance when it was accepted by the district.

The question remains whether acceptance of the demand precluded the property owners from claiming litigation expenses. Plaintiff argues that section 1250.410 authorizes an award of such expenses only where the amount of compensation is determined by trial. It bases its interpretation on the fact that the section provides that the court shall award litigation expenses if it finds that the offer was unreasonable and that the demand was reasonable "viewed in the light of the evidence admitted and the compensation awarded in the proceeding, . . ."

The predecessor section (§ 1249.3) provided that reasonableness was to be "viewed in the light of the determination as to the value of the subject property." We do not view the language in section 1250.410 requiring the

---

[3]Section 998 relating to offers of compromise before trial in civil litigation provides that if the offer is not accepted "prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn. . . ."

However, eminent domain proceedings are expressly excluded from the scope of section 998.

court to also consider "the evidence admitted" as meaning that litigation costs may be awarded only where the compensation has been determined by trial. Such a construction would lead to unreasonable and absurd results which would be contrary to the spirit and purpose of the section. ■ "It is settled that a statute is to be construed in such a way as to render it 'reasonable, fair and harmonious with [its] manifest [legislative] purposes. . . .' [citation], and the literal meaning of its words must give way to avoid harsh results and mischievous or absurd consequences. [Citations.]" (*County of San Diego* v. *Muniz,* 22 Cal.3d 29, 36 [148 Cal.Rptr. 584, 583 P.2d 109].) If plaintiff's interpretation were adopted, a property owner would be precluded from seeking reimbursement of litigation expenses even if the condemning agency accepted the demand after the case had been submitted to the jury but before it returned its verdict. If the purpose of the statute is to make whole a property owner who has been required to litigate because of the condemner's unreasonable offer, the right to recover litigation costs should hinge, not on whether the amount of compensation has been determined by a jury verdict or court finding, but on whether the property owner has been unreasonably required to litigate.

Plaintiff contends, however, that it accepted the demand before trial commenced and therefore should not be liable for litigation costs. Assuming that a claim under section 1250.410 will not lie where a condemner accepts a property owner's demand before trial commences, here trial had commenced. ■ Where a case has been set for jury trial, trial commences with the examination of prospective jurors. "[T]hat the impanelment of the jury is a part of the trial not only comports with the common understanding among lawyers and judges, but finds support in the rulings of the courts of other jurisdictions . . . ." (*Kadota* v. *City & County of S.F.,* 166 Cal.App.2d 194, 195 [333 P.2d 75]; *Vecki* v. *Sorensen,* 171 Cal.App.2d 390, 393-394 [273 P.2d 908].)[4] ■ In the case at bench, jury selection commenced on the previous day and was not completed until the morning of the second day after which plaintiff accepted the demand. Trial clearly had commenced. We therefore

---

[4]Plaintiff cites section 581, subdivision 1, relating to the right of a plaintiff to voluntarily dismiss an action before "actual commencement of trial." For the purpose of that section, "commencement of trial" is defined as "the beginning of the opening statement of the plaintiff or his counsel, and if there shall be no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." That definition is manifestly inapposite to the case at bench. Here, we are concerned with the burden imposed upon the property owner in litigating valuation issues. Section 581 is concerned with possible prejudice to a defendant in permitting a plaintiff to voluntarily dismiss an action after he has commenced trial.

conclude that plaintiffs were entitled to have their motion for litigation expenses under section 1250.410 considered on its merits.[5]

Defendants urge this court to reverse the order denying litigation expenses with directions to award the expenses as claimed. It would be manifestly inappropriate to do so. ■ Reasonableness of the final offer and demand presents factual issues which depend not only upon the percentage of difference in the monetary amounts of the offer and demand but also on the good faith, care and accuracy in the determination of those amounts, all of which are matters to be evaluated by the fact finder. (*People* ex rel. *Dept. of Transportation* v. *Societa Di Unione E Beneficenza Italiana,* 87 Cal.App.3d 14, 23 [150 Cal.Rptr. 706].) In the court below, defendants filed an affidavit by their expert to the effect that plaintiff's appraiser ignored an important comparable sale until the day of trial. Plaintiff filed an affidavit by its appraiser stating that he did not consider the sale in question because defendants' valuation data failed to show a recorded transfer; that his investigation revealed that the seller did not consider the sale consummated because it had not been paid; that he continued in his efforts to determine the status of the sale and ultimately learned that the sale was consummated on the day the instant case went to trial. It is for the trial court to judge the credibility of the witnesses and to resolve such conflicts in the evidence.

Since the court denied defendants' motion under section 1250.410 without explanation, we are unable to determine whether the court denied the motion for the reasons advanced by the district or whether it did so on the merits. In the circumstances, the order must be reversed with directions to the trial court to consider the motion on its merits.

### DISPOSITION

The judgment is reversed with directions to modify the same by providing for recovery of interest on the unpaid amount of the award for the period of the condemner's prejudgment possession of the property and ordinary court costs. The order striking defendants' memorandum of costs and disbursements is reversed. The order denying defendants'

---

[5]Should the court determine that defendants are entitled to recover litigation expenses, the fact that the case was settled at the inception of trial is obviously a factor to be considered in determining the amount of such expenses to be awarded.

motion for litigation expenses pursuant to section 1250.410 is reversed with directions to consider the motion on its merits, make appropriate findings, and to enter an order accordingly.

Defendants shall recover their costs on appeal.

Kaufman, J., and McDaniel, J., concurred.

A petition for a rehearing was denied May 1, 1979, and respondent's petition for a hearing by the Supreme Court was denied June 14, 1979.