[No. E001378. Fourth Dist., Div. Two. July 10, 1986.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION,
Plaintiff and Appellant, v.
GEORGE ZIVELONGHI et al., Defendants and Respondents.

### COUNSEL

Gordon S. Baca, Joseph A. Montoya, Anthony J. Ruffolo, Robert W. Vidor and Larry R. Danielson for Plaintiff and Appellant.

George E. Atkinson, Jr., and Thomas G. Baggot for Defendants and Respondents.

### OPINION

**RICKLES, Acting P. J.**—The trial court made an order awarding defendants' litigation expenses in five consolidated eminent domain actions. This order was made after a valuation trial in three of the actions. Two of the defendants stipulated as to value, preserving their right to claim litigation expenses. Plaintiff appeals, contending the trial court erred in ruling plaintiff's final offers pursuant to Code of Civil Procedure section 1250.410 were unreasonable.[1]

---

[1]Unless otherwise indicated, all section references in this opinion are to the Code of Civil Procedure.

Section 1250.410 provides: "(a) At least 30 days prior to the date of the trial on the issues relating to compensation, the plaintiff shall file with the court and serve on the defendant its final offer of compensation in the proceeding and the defendant shall file and serve on the plaintiff its final demand for compensation in the proceeding. Such offers and demands shall be the only offers and demands considered by the court in determining the entitlement,

---

## FACTS

These five consolidated actions involved properties taken by plaintiff for a widening of the west side of Euclid Avenue.

Plaintiff claimed ownership of a 200-foot highway easement in Euclid Avenue.

Before filing the complaints in these actions, plaintiff made offers to each of the defendants pursuant to Government Code section 7267.2, as follows:

| | |
|---|---|
| Zivelonghi | $30,500 |
| Pickering | $12,200 |
| Ressegue | $12,700 |
| Robert | $86,200 |
| Jones | $ 3,035 |

These offers were based on the value of improvements only, because plaintiff claimed ownership of the land.

After a bifurcated trial on the issue of the width of the easement, the trial court determined plaintiff's easement was 100 feet, entitling these defendants to compensation for 50 feet of land in addition to the improvements.

After the bifurcated trial, plaintiff offered to stipulate values could be set by an independent appraiser. Judgment would be entered as to values and plaintiff would immediately file an appeal on the bifurcated issue.

Defendants agreed to this proposal with one caveat: Their right to reject the appraisal amount if viewed as unreasonable. Plaintiff's appraisal was submitted and rejected by defendants.

Before the valuation trial, the parties stipulated final offers and demands pursuant to section 1250.410 would be served and filed at the mandatory settlement conference.

Defendants' final demands were:

---

if any, to litigation expenses. Service shall be in the manner prescribed by Chapter 5 (commencing with Section 1010) of Title 14 of Part 2.

"(b) If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses.

"In determining the amount of such litigation expenses, the court shall consider the offer required to be made by the plaintiff pursuant to Section 7267.2 of the Government Code and any other written offers and demands filed and served prior to or during the trial."

| | |
|---|---|
| Zivelonghi | $165,000 |
| Pickering | 69,500 |
| Ressegue | 45,000 |
| Robert | 205,000 |
| Jones | 102,000 |

Plaintiff's final offers were:

| Owners | Land | Improvement | Total |
|---|---|---|---|
| Zivelonghi | $129,200 | $ 30,800 | $160,000 |
| Pickering | 44,500 | 25,000* | 69,500 |
| Ressegue | 27,800 | 14,700 | 42,500 |
| Robert | 38,000 | 137,000** | 175,000 |
| Jones | 92,600 | 9,400 | 102,000 |

*Includes equipment.
**Includes equipment and goodwill.

Plaintiff's offers were subject to plaintiff's right to appeal from the judgment on the bifurcated issue.

After plaintiff's final offers, defendants Pickering and Jones stipulated to valuations of $69,500 and $102,000, respectively. Plaintiff reserved its right to appeal the bifurcated issue and Pickering and Jones reserved their right to claim litigation expenses.

The Zivelonghi, Ressegue and Robert cases were tried by jury and the following verdicts rendered:

| | |
|---|---|
| Zivelonghi | $180,000 |
| Ressegue | 41,300 |
| Robert | 219,000 |

For ease of comparison, a summary of plaintiff's offers, defendants' demands and the compensation determined by stipulation or verdict is:

| Plaintiff's Offer | Zivelonghi | Pickering | Ressegue | Robert | Jones |
|---|---|---|---|---|---|
| Government Code Section 7267.2 | $ 30,500 | $12,200 | $12,700 | $ 86,200 | $ 3,035 |
| Plaintiff's Final Offer | $160,000 | $69,500 | $42,500 | $175,000 | $102,000 |
| Defendant's Final Demand | $165,000 | $69,500 | $45,000 | $205,000 | $102,000 |
| Stipulation | | $69,500 | | | $102,000 |
| Verdict | $180,000 | | $41,300 | $219,990 | |
| Percentage Verdict/Settlement | 88% | 100% | 102.9% | 79.9% | 100% |

Defendants filed their motion for litigation expenses pursuant to section 1250.410. The court, in determining defendants were entitled to reasonable litigation expenses and in setting amounts, found: "[T]hat Plaintiff's final offers herein each were unreasonable and that the final demands of the defendants were reasonable all viewed in the light of the evidence and the compensation awarded in these proceedings."

This order represents the sole issue on appeal: Were plaintiff's final offers unreasonable, entitling defendants to litigation expenses? Put another way, did plaintiff's reservation of the right to appeal the size of the taking render the valuation offers unreasonable?

## DISCUSSION

■ Defendants contend plaintiff's final offers of settlement at the mandatory settlement conference were unreasonable because the offers were subject to plaintiff's reserved right to appeal. They claim the only viable offers were the ones made pursuant to Government Code section 7267.2. Defendants rely on *Los Angeles County Flood Control Dist.* v. *Mindlin* (1980) 106 Cal.App.3d 698 [165 Cal.Rptr. 233], to support their contention an offer made subject to a reservation of right to appeal is not a final offer pursuant to section 1250.410. In *Mindlin*, the condemner made an offer subject to a reserved right of appeal. This offer was made after a bifurcated trial on whether the parcel to be condemned was located in a river bed. After an adverse ruling on the bifurcated issue, the condemner increased its offer subject to its right of appeal on the bifurcated issue.

Section 1249.3, the predecessor to section 1250.410, provided any offers as to valuation must be made 30 days before the date of trial. Because the condemner's offer was not made prior to trial, the *Mindlin* court concluded the trial court could properly refuse to consider the condemner's offer after the trial had commenced.

Having decided the case, the *Mindlin* court discussed the effect of the reserved right to appeal the trial court's determination of the bifurcated issues—issues which could affect the determination of value.

"The offer was made with a clearly stated condition attached of reserving the right of appeal. We find illuminating and helpful an observation made in another context: 'Since the purpose of the section is to promote settlement of valuation and damage disputes which otherwise would have to be tried, it is intended to require each side to submit a final figure for which it is willing to *settle* those issues.' ([*Coachella Valley County Water Dist.* v.

*Dreyfuss*], *supra,* 91 Cal.App.3d 949, 954 [154 Cal.Rptr. 467].) (Italics added.) An offer made subject to the condition of reserving the right to appeal does not indicate any intention or willingness to finally resolve the dispute; on the contrary, it bespeaks of determination to seek vindication at a later time of the offeror's position during negotiations." (*Los Angeles County Flood Control Dist.* v. *Mindlin, supra,* 106 Cal.App.3d 698, 719.)

Defendants argue if plaintiff is successful on the appeal from the bifurcated issue, the total valuation would be nullified. We agree.

The challenged portion of the judgment would constitute a reservation of right to challenge the entire judgment. The improvements are located on the land involved in the bifurcated proceeding. It is difficult for us to conceive how a conditional offer of compromise would finally resolve the issue of valuation.

Plaintiff contended its offers were unconditional as to the compensation offered and could have been accepted under section 1250.410. This theory, though superficially plausible and exquisite in its simplicity, cannot withstand closer analysis. Plaintiff argues the amendment to section 1249.3, now section 1250.410, and *Placer County Water Agency* v. *Hofman* (1985) 165 Cal.App.3d 890 [211 Cal.Rptr. 894], support its contention. We disagree.

"Section 1249.3 was designed to encourage settlement of valuation disputes by requiring the condemning agency to reimburse the property owner for litigation expenses in cases of unnecessary litigation. [Citations.] The section initially used the words 'final offer to the property' and 'final demand for the property' but when it was recodified as section 1250.410, the language was changed to read 'final offer of compensation in the proceeding' and 'final demand of compensation in the proceeding.' The legislative committee comment to section 1250.410 states that the new section continues the substance of the former section 'making clear that the offer and demand are to cover all of the compensation in the proceeding, including injury to the remainder, if any, and not merely the value of the part taken.'" (*Coachella Valley County Water Dist.* v. *Dreyfuss* (1979) 91 Cal.App.3d 949, 954 [154 Cal.Rptr. 467].) Even though section 1250.410 extends the time for making an offer to settle the compensation issue, it does not allow withdrawal of an integral part of the valuation by reservation of the right to appeal.

In *Hofman* the water agency constructed a pipeline over Hofman's property. The pipeline was allegedly constructed to allow crossing by vehicles of a certain "wheel load." This would not restrict Hofman's use of his property. Hofman made a final demand conditioned on the representations

of the water agency the pipeline would safely support the above "wheel loads." The agency contended the "demand was an offer of a pigless poke" and unreasonable as a matter of law, citing *Los Angeles County Flood Control Dist.* v. *Mindlin, supra,* 106 Cal.App.3d 698. The *Hofman* court quickly disposed of this contention. "The agency argues this case is analogous to *Mindlin.* In its view the Hofman offer was an attempt to prize off the key issue in the case for future litigation while asking an unreasonable sum for compromising the remainder. We disagree. In *Mindlin* the condition challenged was the reservation of a right to challenge the entire judgment; here the offer was to except a portion of the potential recovery from the ambit of the judgment. The attempted analogy stems from a confusion concerning the nature of the valuation issues at the impending trial and the effect of the compromise on those issues." (*Placer County Water Agency* v. *Hofman, supra,* 165 Cal.App.3d 890, 899.) So it is here.

Plaintiff confused an offer conditioned on the right to appeal with a demand that excludes the probability of contingent future harm. One allows a final resolution of any pending litigation; the other does not.

Under these circumstances, the offer as to valuation would not finally conclude the matter if plaintiff's appeal were successful. It would provide at best a "most lame and impotent conclusion!" (Shakespeare: Othello II.i.)

We conclude the trial court properly awarded litigation expenses and therefore affirm the judgment.

Kaufman, J., and Dorr, J., concurred.

A petition for a rehearing was denied July 29, 1986, and appellant's petition for review by the Supreme Court was denied September 24, 1986.