[No. D002827. Fourth Dist., Div. One. Nov. 4, 1986.]

SAN DIEGO GAS & ELECTRIC COMPANY,
Plaintiff and Respondent, v.
MORELAND INVESTMENT COMPANY et al.,
Defendants and Appellants.

1152

**COUNSEL**

Dolle & Dolle, Hodge L. Dolle, Jr., and Lawrence H. Thompson for Defendants and Appellants.

Asaro & Keagy, Roscoe D. Keagy, Richard R. Freeland, Jr., Arnold Neves, Jr., Stephen L. Baum and C. Larry Davis for Plaintiff and Respondent.

**OPINION**

**LEWIS, J.**—San Diego Gas & Electric Company (SDG&E) brought a condemnation proceeding to acquire real property owned by appellant Union Oil Company of California (Union) and leased by Union to appellant Moreland Investment Company (Moreland). On February 4, 1983, SDG&E filed and served a final offer pursuant to section 1250.410 of the Code of Civil Procedure to pay $2.7 million for the property. Union/Moreland's final demand filed on February 1, 1983, was in the amount of $3.5 million. The trial date which had been scheduled for February 1983 was continued on more than one occasion and finally scheduled for July 30, 1984. No trial department was available on that date and the trial was again continued. On August 14, 1984, SDG&E filed and served a document accepting Union/Moreland's final demand for compensation and agreed to pay the $3.5 million. Then on August 23, 1984, Union/Moreland submitted a new "First

Revised Final Demand for Compensation" now asking for $4.2 million plus interest and litigation expenses. The trial court found that a settlement agreement had been reached and on that basis entered an interlocutory judgment on December 21, 1984. Union/Moreland appeal, asserting the trial court erroneously concluded binding precedent required the finding that the $3.5 million demand could still be accepted, further asserting that general contract law principles should allow their settlement demand to be deemed to have terminated because of a passage of a reasonable time without communication of acceptance, urge that the trial judge should have so found and ask this court to make that finding. SDG&E first argues that Union/Moreland are precluded from maintaining this appeal, having accepted the money provided for in the settlement agreement and the interlocutory judgment, and responds on the merits by asserting the trial court correctly followed existing case law in ruling that the settlement demand remained opened and subject to being accepted.

We hold that SDG&E has not established that Union/Moreland have waived the right to appeal and we hold that Union/Moreland's settlement demand served and filed pursuant to Code of Civil Procedure section 1250.410 and containing no language as to when it would be considered revoked was open and subject to being accepted by SDG&E prior to trial.

I

Trial in this condemnation action was originally set for February 15, 1983. Code of Civil Procedure section 1250.410 requires the parties to file and serve final offers and demands of compensation for the property 30 days prior to trial.[1]

---

[1]Section 1250.410 provides: "(a) At least 30 days prior to the date of the trial on issues relating to compensation, the plaintiff shall file with the court and serve on the defendant its final offer of compensation in the proceeding and the defendant shall file and serve on the plaintiff its final demand for compensation in the proceeding. Such offers and demands shall be the only offers and demands considered by the court in determining the entitlement, if any, to litigation expenses. Service shall be in the manner prescribed by Chapter 5 (commencing with Section 1010) of Title 14 of Part 2.

"(b) If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses.

"In determining the amount of such litigation expenses, the court shall consider the offer required to be made by the plaintiff pursuant to Section 7267.2 of the Government Code and any other written offers and demands filed and served prior to or during the trial.

"(c) If timely made, the offers and demands as provided in subdivision (a) shall be considered by the court on the issue of determining an entitlement to litigation expenses."

The parties agreed that the final offer and final demand could be filed and served on or before January 26, 1983. On January 26, 1983, SDG&E filed and served its statutory final offer of compensation offering $2.6 million. On February 1, appellants served and filed their final demand for compensation, stating that appellants would settle the issues relating to compensation for $3.5 million plus interest and costs. Appellants' final demand did not state any time limitations or make any provisions as to any limited period of time during which acceptance was required or state any time after which the offer would be revoked. On February 4, 1983, SDG&E filed and served its first revised offer of compensation, increasing the offer to $2.7 million. On February 9, 1983, the superior court notified the parties that trial was rescheduled to January 5, 1984. Appellants had requested the rescheduling. On February 28, 1983, the parties stipulated that appellants' final demand would be deemed to comply with the requirements of Code of Civil Procedure section 1250.410. On August 3, 1983, the superior court notified the parties trial had been rescheduled to July 30, 1984, again at the request of appellants. No trial departments were available on that date and trial was continued until February 4, 1985. On August 14, 1984, SDG&E filed and served its acceptance of appellants' final demand of $3.5 million plus interest and costs. On August 23, 1984, appellant submitted a "First Revised Final Demand for Compensation" in the amount of $4.2 million plus interest and costs, asserting that their original final demand was revoked by implication by the passage of time. SDG&E filed a motion to compel specific performance of the settlement reached by the parties. On November 8, 1984, the trial court granted SDG&E's motion determining that a settlement had been reached and entered an order compelling specific performance of the settlement agreement. An interlocutory judgment in eminent domain was entered on December 21, 1984, providing that SDG&E was to pay into court the sum of $1,424,357 plus interest according to law in addition to the amounts previously deposited and Union/Moreland would be permitted to withdraw the aggregate settlement sum of $3.5 million plus interest. Appellants were awarded their ordinary costs and issues concerning interest and costs were subsequently resolved between the parties and are not involved in this appeal. On December 26, 1984, SDG&E filed its notice of supplemental deposit of probable compensation, setting forth it had deposited an additional $1,424,357 with the county treasurer. On January 27, 1985, the parties filed with the court a stipulation permitting appellants to withdraw the sums deposited by SDG&E on December 26, 1984. On January 7, 1985, the superior court ordered that the supplemental amount deposited by SDG&E could be withdrawn by appellants. The stipulated order also provided that the amount withdrawn was to be considered payment of the principal sum of the interlocutory judgment. The interlocutory judgment also provided that withdrawal by appellants of the amount deposited would

constitute the full and final payment for the condemnation and taking of appellant's real property. On January 11, 1985, appellants received from the clerk of the superior court the remaining amounts required to be paid under the terms of the interlocutory judgment. Appellants filed their notice of appeal on December 21, 1984. SDG&E contends that by accepting the benefits of the interlocutory judgment, the appellants have waived their rights to appeal.

■ Once a judgment is entered in a condemnation case, there is only one statutory basis under which monies then on deposit or thereafter deposited may be withdrawn, specifically, section 1268.140 of the Code of Civil Procedure. The second sentence of the first paragraph of the Law Revision Commission comments to that section reads: "Section 1268.140 is the only provision for withdrawal of a deposit after entry of judgment regardless of whether the deposit was made before or after judgment." We therefore treat the withdrawal by Union/Moreland of SDG&E's deposit as being governed by this section, the first subdivision of which provides: "(a) After entry of judgment, any defendant who has an interest in the property for which a deposit has been made may apply for and obtain a court order that he be paid from the deposit the amount to which he is entitled upon his filing either of the following:

"(1) A satisfaction of the judgment.

"(2) A receipt for the money which shall constitute a waiver by operation of law of all claims and defenses except a claim for greater compensation."

■ The order authorizing withdrawal of deposit was signed pursuant to a stipulation for withdrawal of deposit filed with the court on January 7, 1985, signed by counsel for both parties. That stipulation certainly does not purport to be a satisfaction of judgment, nor could it be since the issues of final interest and costs had yet to be resolved between the parties. We treat it therefore as being in the nature of a receipt for the money pursuant to subsection (2) of subdivision (a) of section 1268.140 which by statute waives all claims and defenses except a claim for greater compensation. We therefore decline to find that Union/Moreland are precluded from maintaining this appeal.

## II

■ We hold that Union/Moreland's final demand for compensation pursuant to Code of Civil Procedure section 1250.410 in the sum of $3.5 million plus interest and costs, made without time limitation and being unrevised,

unrevoked and not superseded by any other final demand was subject to acceptance at any time before commencement of trial.[2]

Union/Moreland argue that the trial court erred in treating the opinion in *Coachella Valley County Water Dist.* v. *Dreyfuss* (1979) 91 Cal.App.3d 949, 956 [154 Cal.Rptr. 467], as binding precedent that the offer remained opened and could be accepted. It really does not matter whether that opinion was binding on the trial court. What matters is that the trial court decided the question of law correctly. In *Coachella* the court stated: "Despite the absence of an express provision that a final offer or demand may be accepted, since the statute was designed to promote settlement it perforce contemplates settlement by acceptance of an offer or demand. At oral argument both parties agreed that the district's acceptance of the owners' final demand was binding upon the property owners. This is consistent not only with the elementary principles of contract law but with the provisions recognizing the right of the party to revise a final offer or demand at any time before or during trial. The section [Code Civ. Proc., § 1250.410] provides that 'in determining the amount of such litigation expenses' the court shall consider 'any written revised or superseded offers and demands filed and served prior to or during trial.' Absent revision or supersession of a final offer or demand or unless a time limitation is prescribed in the offer or demand itself, the final offer or demand would be subject to acceptance at any time before or during trial. In the case at bench the final demand remained open and was subject to acceptance when it was accepted by the district." (*Ibid.*, fn. omitted.)

Union/Moreland argues that because of the agreement that the acceptance of the final demand was binding on the property owners, that point was not in issue and therefore was not really decided by the *Coachella* court. Whether or not *Coachella* was binding precedent, the trial court decided the issue of law correctly. ▆ It is true as Union/Moreland assert that as a general rule contract law principles should govern the acceptance process with regard to offers and demands of settlement where such principles neither conflict with a statute nor defeat its purpose. It is also true that under general contract principles an offer or demand which does not prescribe a specific time frame within which it must be accepted may be deemed revoked by passage of a reasonable period of time without acceptance. However, we hold that resort to general contract law principles to attempt to determine whether final offers or demands under section 1250.410 expire prior to trial because of the passage of time would both conflict with the governing statute and defeat

---

[2]Since the demand was accepted before trial, we do not deal with the question of acceptance during trial.

its purpose. This court has previously stated: "The purpose of this section [Code Civ. Proc., § 1250.410] is to promote settlement of valuation disputes in eminent domain proceedings and guarantee full recompense to the landowner in case of unnecessary litigation." (*State of California* ex rel. *State Pub. Works Bd.* v. *Turner* (1979) 90 Cal.App.3d 33, 38 [153 Cal.Rptr. 156], citing *County of Los Angeles* v. *Krantz* (1977) 65 Cal.App.3d 656, 660 [135 Cal.Rptr. 473].) It would defeat the purpose of the statute to require the plaintiff to make inquiry of the defendant as to whether the final demand was still in effect before making acceptance. Such inquiry could reasonably be expected to produce an upward revision of the demand. It is not disputed that the defendant in eminent domain proceedings has the ability to revise a final demand at any time before the demand has been accepted. It is also undisputed that the defendant has the ability to make a demand which will expire by its own terms on a certain date or on the commencement of trial. When a demand made without time limitation or automatic expiration and not revised is accepted by the plaintiff, it would create endless mischief to allow the defendant to then litigate the issue of whether the plaintiff waited too long to accept the demand. Union/Moreland argue that SDG&E waited until the price of the property had increased to accept the demand. The valuation date was fixed by law as December 17, 1981. (Code Civ. Proc., §§ 1263.110, 1263.320.) The value of the "take" as of that date cannot change. Peoples' opinions may change, but if defendants' opinion of the value had changed, they were free to revise their demand. Union/Moreland argue however that the potential value of the severance damages to the remaining property had increased in the opinion of the defendants' appraisers by approximately $1 million because of a more complete understanding of SDG&E's plans for construction on the property taken. Union/Moreland argue that this change of opinion only became known to SDG&E at the depositions on July 23, 1984, and that Union/Moreland were entitled to a factual determination as to whether these circumstances terminated SDG&E's ability to accept the defendants' demand of $3.5 million. The record contains no evidence that Union/Moreland did not know of their own appraisers' opinions prior to the depositions in July of 1984. Although counsel in oral argument characterized SDG&E's acceptance of the demand as a "race to the courthouse," it was a pretty slow race of three weeks after the depositions, and Union/Moreland were of course free to revise their demand if they chose. According to the record at the time the demand was accepted, the defendants' appraisers' opinions of total value were $5,069,000 and $5,078,500, and the plaintiff's appraisers' opinions were $2,085,000 and $2,338,000.

Although appellants' legal arguments are that passage of time may revoke their demand, the oral argument suggested the important fact was that

defendants had been misled by plaintiff as to the proposed construction. We decline to treat that suggestion as supported by the record.

Union/Moreland's reliance on *T. M. Cobb Co.* v. *Superior Court* (1984) 36 Cal.3d 273 [204 Cal.Rptr. 143, 682 P.2d 338], as supporting their argument that their demand may have expired with passage of time is inappropriate. The court there ruled that an offer of compromise made pursuant to Code of Civil Procedure section 998 was revocable before acceptance under general contract principles and they could be applied in that case without undermining the statute's purpose. However, the court also pointed out that general contract principles apply to statutory offers of settlement "only where such principles neither conflict with the statute nor defeat its purpose." (*Id.* at p. 280.)

Finally, we note that Code of Civil Procedure section 1250.410 was amended in 1982 (Stats. 1982, ch. 1059, § 2), three years after *Coachella*, and no expression of intent to limit the time for acceptance of the final demand was included. We should therefore presume the Legislature was aware of the decision in *Coachella* and approved of it. (*People* v. *Hallner* (1954) 43 Cal.2d 715, 719 [277 P.2d 393].)

The judgment is affirmed.

Work, Acting P. J., and Butler, J., concurred.