[No. C018794. Third Dist. Sept. 7, 1995.]

JAN ARDEENE HOFER, Plaintiff and Respondent, v.
LISA YOUNG et al., Defendants and Appellants.

COUNSEL

Moss & Enochian, Robert A. Spano and Mark D. Norcross for Defendants and Appellants.

Lynn Hubbard III and Adam Sorrells for Plaintiff and Respondent.

OPINION

RAYE, J.—Defendants Lisa and Dan Young accepted plaintiff Jan Ardeene Hofer's statutory offer to compromise a personal injury action for $11,000 (Code Civ. Proc., § 998; all further section references are to the Code of Civil Procedure unless otherwise indicated) and judgment was taken in accordance with the terms and conditions stated in the offer. Plaintiff moved to vacate the judgment, contending the acceptance was not valid because it was sent by facsimile transmission (fax), it was not served, and it was not filed with the court within 35 days. The judgment was vacated and defendants appeal. We reverse and remand the case to the superior court.

## PROCEDURAL BACKGROUND

On January 19, 1994, plaintiff served defendants by mail with an offer to compromise pursuant to section 998. Thirty-three days after service of the offer, defendants faxed and mailed a letter accepting the offer. The zip code included in the address appearing on the envelope was erroneous.

After receiving the faxed acceptance, plaintiff's counsel mailed and faxed a revocation of the offer stating plaintiff rejected "the faxed acceptance faxed February 22, 1994." Plaintiff filed the revocation the following day, February 23.

On February 25, 1994, defendants executed a proof of acceptance of the section 998 offer and requested entry of judgment; the same was filed on March 2, 1994. Plaintiff objected. Judgment was executed on March 2 and filed on March 9.

On March 23 defendants tendered a draft in satisfaction of the amount of the judgment. The tender was refused. Three motions followed. Defendants filed two motions to enforce satisfaction of the judgment, and plaintiff filed a motion to strike the judgment.

The court ruled the acceptance was ineffective because service of an acceptance was required by section 998 and service by fax was not allowed

under the local rules of court. The court ordered the judgment vacated and denied defendants' motion to enforce settlement of the judgment. Defendants appeal.

### DISCUSSION

### I.

The present appeal presents a simple issue involving the application of section 998. ■ Since "we must assume the Legislature knew what it was saying and meant what it said," (*Rideout Hospital Foundation, Inc.* v. *County of Yuba* (1992) 8 Cal.App.4th 214, 221 [10 Cal.Rptr.2d 141]), we begin our analysis with the language of the statute. Section 998 provides in relevant part: "(b) Not less than 10 days prior to commencement of trial, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. [¶] (1) If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly. [¶] (2) If the offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial."

■ Although the statute states that "any party may serve an offer," plaintiff contends the acceptance must also be served. That is not what the statute says. The only language which references the acceptance simply states "if the offer is accepted" and "the offer with proof of acceptance shall be filed." There is no requirement, within the plain language of the section, to serve the acceptance.

From this premise, plaintiff objects to the transmission of acceptance by fax. Plaintiff cites section 1013 wherein "[s]ervice by facsimile transmission shall be permitted only where the parties agree and a written confirmation of that agreement is made." Plaintiff also points out that service by fax is not allowed under the local rules of Butte County. Plaintiff's premise, however, is flawed. Section 1013 and the local rules apply only to service by facsimile transmission, and as we have explained above, the statute does not require acceptances to be served.

Plaintiff also contends that defendants were compelled to file the acceptance within the time period specified in section 998. Again, she misreads the statute. Section 998 states the offer must be accepted within 30 days or it is deemed withdrawn, but the section does not dictate when the proof of acceptance must be filed.

We are not at liberty to modify the statute or engraft language to effectuate the policies advanced by plaintiff. (*Nott* v. *Superior Court* (1988) 204 Cal.App.3d 1102, 1106-1107 [251 Cal.Rptr. 842].) Plaintiff's position is no more defensible than plaintiff's position in *Moffett* v. *Barclay* (1995) 32 Cal.App.4th 980 [38 Cal.Rptr.2d 546]. In *Moffett*, plaintiff served a section 998 offer to compromise on defendant's insurer. The defendant was ultimately assessed prejudgment interest. The award was reversed based on the literal language of section 998 wherein the Legislature had written "any party may serve an offer in writing upon any other *party* . . . ." (Italics added.) Since the insurer was not a party, nor had the party been served in the action before the offer was made, section 998 did not apply.

In sum, the language of the statute does not support plaintiff's argument the acceptance was invalid because it was not served, was faxed, and was untimely. We look to the relevant case law to interpret the gaps in the statutory language.

## II.

"Since section 998 involves the process of settlement and compromise and since this process is a contractual one, it is appropriate for contract law principles to govern the offer and acceptance process under section 998. . . . [¶] [G]eneral contract law principles should apply to section 998 offers and acceptances only where such principles neither conflict with the statute nor defeat its purpose." (*T.M. Cobb Co.* v. *Superior Court* (1984) 36 Cal.3d 273, 280 [204 Cal.Rptr. 143, 682 P.2d 338]; *Goodstein* v. *Bank of San Pedro* (1994) 27 Cal.App.4th 899, 907 [32 Cal.Rptr.2d 740]; *San Diego Gas & Electric Co.* v. *Moreland Investment Co.* (1986) 186 Cal.App.3d 1151, 1157 [231 Cal.Rptr. 274].)

"It is, according to a hackneyed expression, hornbook law that an acceptance of an offer must be communicated to the offeror to become effective." (*Drouin* v. *Fleetwood Enterprises* (1985) 163 Cal.App.3d 486, 491 [209 Cal.Rptr. 623].) "Consent is deemed to be fully communicated between the parties as soon as the party accepting a proposal has put his acceptance in the course of transmission to the proposer . . . ." (Civ. Code, § 1583.) Any reasonable and usual mode of communication may be used unless a specific mode was prescribed in the offer itself. (Civ. Code, § 1582.)

Here, the statutory offer was served by mail, but it did not prescribe any mode of communicating an acceptance. Defendants elected to communicate their assent by fax, a reasonable and increasingly common means of modern communication. There is no dispute the acceptance was received by

plaintiff before it was revoked. The letter of revocation itself expressly stated that plaintiff "rejects the faxed acceptance faxed February 22, 1994."

As a result, according to general principles of contract law, the statutory offer to compromise was accepted. The acceptance does not conflict with either the language or the purpose of section 998. Moreover, it fosters the policy embodied in section 998 to encourage pretrial settlements of disputes. (*Poster* v. *Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 270 [276 Cal.Rptr. 321, 801 P.2d 1072].)

We briefly dismiss plaintiff's two remaining contentions. Relying on *Stell* v. *Jay Hales Development Co.* (1992) 11 Cal.App.4th 1214, 1231 [15 Cal.Rptr.2d 220], plaintiff asserts the acceptance must bear the same formality as the offer. That is, the acceptance must be properly served. In *Stell*, a letter, without any reference to section 998 or characterization as a statutory offer to compromise, was sent to a party during the course of settlement negotiations. The court evaluated the contents of the letter as follows: "This letter can hardly be described as a statutory offer to compromise pursuant to Code of Civil Procedure section 998. Not only is section 998 not referenced or cited, but the letter also required that appellants respond 'immediately' to the offer. Since the letter purports to present an offer which arguably would not be open for the 30-day period required by section 998, it is difficult to imagine how appellants could distinguish this offer to settle from any others made prior to this point in the lawsuit. Certainly nothing in the letter would cause appellants to be on notice that they would be subject to a cost award pursuant to section 998 as a result of their rejection or nonacceptance of the offer." (11 Cal.App.4th at p. 1232.)

The court aptly observed, "Since the party to whom an offer is made stands to bear additional costs at the conclusion of the case if the offer is not accepted, that offeree must have the opportunity to recognize that the offer is being made formally and pursuant to statute." (11 Cal.App.4th at p. 1231.) The same risks and concerns are not implicated by an acceptance. The offeror is aware of the terms of the offer as well as the potential finality of an acceptance. Moreover, the offeror retains the opportunity to revoke the offer until it is accepted. (*T.M. Cobb Co.* v. *Superior Court, supra,* 36 Cal.3d 273, 283-284.) We find nothing in the rationale of *Stell* to justify imposition of a requirement that acceptance of section 998 offers must be served. To rewrite the statute is a legislative, rather than judicial, prerogative.

Finally, plaintiff argues the filing of the acceptance was untimely. Plaintiff concedes the 30-day time limit for acceptance of a section 998 offer is extended by 5 days if the offer is mailed. (Code Civ. Proc., § 1013; *Poster* v.

*Southern Cal. Rapid Transit Dist.*, *supra*, 52 Cal.3d 266, 274.) Incongruously, however, plaintiff maintains she revoked the offer and filed the revocation with the court before defendants filed their acceptance. Again, she ignores the language of the statute. Section 998 states an offer will be deemed withdrawn if not accepted within 30 days, but it provides no timeline for the filing of the offer with the proof of acceptance. Since the offer was mailed, defendants had 35 days to accept. They communicated their acceptance by facsimile transmission within the requisite time period. The address on the confirming letter of acceptance is irrelevant.

The order vacating the judgment is reversed. The case is remanded to the superior court with directions to reinstate the judgment and to entertain any further motions to enforce the settlement and satisfy the judgment. Defendants shall recover their costs on appeal.

Scotland, Acting P. J., and Nicholson, J., concurred.