Opinion
REARDON, J.
The trial court granted respondents’ motion for summary judgment on appellant’s complaint for personal injury. Appellant appeals the *1396 summary judgment, contending that the trial court erred in concluding that her action was barred by virtue of settlement. We affirm the judgment.
I. Facts
This personal injury action arose from a motor vehicle accident. On February 28, 2001, respondents Crystal Ann and Wayne Stewart served appellant Monika Gray with a Code of Civil Procedure[1] section 998 offer to compromise for $3,750. On March 6, 2001, two days before the mandatory settlement conference, Gray served the Stewarts with an offer for $5,000. The offer did not specify the manner in which an acceptance was to be communicated. The case did not settle at the settlement conference.
On Friday, March 16, 2001, three days before the scheduled trial and after completion of an expert deposition, the Stewarts’ counsel told Gray’s attorneyf|‘we aceeptjyour 998 demand of $5,000.” Gray’s counsel concedes that the acceptance was made, was communicated in unambiguous terms, and that she heard and understood it. Nor did she attach any conditions to the acceptance or the settlement.
The attorneys agreed that the case was settled for $5,000 and shook hands on it. The Stewarts’ counsel requested the law firm’s taxpayer identification number ih, order to expedite the settlement draft process. Gray’s counsel called her office, obtained the number, and wrote it down for him. Consistent with the settlement, both counsel also discussed and agreed on how the settlement check should be made payable.
The next day, Saturday, March 17, 2001, Gray decided to revoke her offer. Over the weekend Gray’s attorney faxed a letter to the Stewarts’ counsel stating that Gray was withdrawing her offer, along with a proposed pleading. On Monday, March 19, 2001, counsel for Gray filed the withdrawal with the court.
In response to Gray’s effort to revoke the settlement offer, the Stewarts moved to amend their answer to allege the affirmative defense of settlement. The court granted the motion. Thereafter, the Stewarts moved for summary judgment. The trial court granted summary judgment on grounds that Gray’s action was barred, as a matter of law, by virtue of the settlement.
*1397 n. Discussion
A. Standard of Review
Summary judgment in favor of a defendant is proper if (1) the defendant shows that one or more elements of a cause of action cannot be established or there is a complete defense to it; and (2) the plaintiff fails to meet his or her burden of showing the existence of a triable issue of material fact. (§ 437c, subd. (o)(2).) Because a summary judgment motion raises only questions of law, we independently review the trial court’s grant of summary judgment. (Rosse v. DeSoto Cab Co. (1995) 34 Cal.App.4th 1047, 1050 [40 Cal.Rptr.2d 680].)
B. Analysis
Section 998 governs offers to compromise. It does not require That the acceptance be in writing nor does it specify the mariner in which acceptance must be communicated. Since the process of settlement and compromise is contractual, general principles of contract law apply when they do not conflict with the statute or defeat its purpose. (Hofer v. Young (1995) 38 Cal.App.4th 52, 56-57 [45 Cal.Rptr.2d 27] (Hofer).) Therefore, pursuant to Civil Code section 1582, any reasonable and usual mode of communication may be used to accept a section 998 offer unless a specific mode was prescribed in the offer. (Hofer, supra, 38 Cal.App.4th atr.pp. 56-57.) Contract law also requires that an acceptance be communicated in a clear and unequivocal fashion. (See Civ. Code, § 1582.)
Gray contends that a written acceptance of the section 998 offer was required, and thus the Stewarts’ oral acceptance was not valid. Section 998 and the case law require only that the offer be in writing. (See Saba v. Crater (1998) 62 Cal.App.4th 150, 153 [72 Cal.Rptr.2d 401].) A written acceptance is not called for here. Because the offer to compromise did not prescribe any specific mode of communication of the acceptance, the only requirement was that the acceptance be communicated in a clear and unequivocal fashion. (See Civ. Code, § 1582.) Gray agrees that an acceptance of the offer was communicated, and that her counsel heard it and understood it. The Stew-arts’ unequivocal oral acceptance of the section 998 offer while it remained open was a reasonable mode of communicating acceptance. (Civ. Code, § 1582; Hofer, supra, 38 Cal.App.4th at pp. 56-57.) Thus, Gray’s offer was accepted as a matter of the law, before it was revoked the next day.
Gray also contends that at no point was she served with an acceptance and therefore the acceptance was not sufficiently communicated to her. However, there is no requirement, within the plain language of section 998, to *1398 serve the acceptance. (Hofer, supra, 38 Cal.App.4th at p. 55.) Therefore, the absence of such service does not render the acceptance invalid.
Finally, Gray contends that section 998 requires the filing of a proof of acceptance with the court to render the acceptance valid. Here, the proof of acceptance was filed after Gray’s attempt to revoke the offer. Section 998, subdivision (b)(2) states that the offer must be accepted within 30 days or it is deemed withdrawn, but the statute does not dictate when the proof of acceptance must be filed. (See Hofer, supra, 38 Cal.App.4th at p. 55.) Given that the offer was accepted late Friday afternoon, it was impossible for the Stewarts to file the proof of acceptance with the court prior to the following Monday. Therefore, the fact that the proof of acceptance was filed after Gray’s attempted revocation does not affect the validity of the acceptance.
The judgment is affirmed.
Kay, P. J., and Rivera, J., concurred.
Appellant’s petition for review by the Supreme Court was denied July 10, 2002. Brown, J., did not participate therein.

 All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.