Filed 5/29/24  Arriagarazo v. BMW of North America CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| ANTONIO ARRIAGARAZO, Individually and as Successor in Interest, etc., et al., | C097296 |
| Cross-complainants and Appellants, | (Super. Ct. No. 161863) |
| v. | |
| BMW OF NORTH AMERICA, LLC, et al. | |
| Cross-defendants and Respondents. | |

Appellants Antonio Arriagarazo and Alicia Rodriguez de Arriaga (collectively, appellants) appeal from an order denying their postjudgment motion for attorney fees incurred in connection with their successful appeal and reinstatement of a Code of Civil Procedure section 998 stipulated judgment.[1]  Finding no statutory or contractual basis for such an award, we affirm.

---

[1]     Undesignated section references are to the Code of Civil Procedure.

1

BACKGROUND FACTS AND PROCEDURE

Following the death of their son in a car accident, appellants filed a cross-complaint against cross-defendants (respondents) BMW of North America and Bayerische Motoren Werke AG (collectively, BMW) alleging causes of action for strict product liability, negligence, and wrongful death.

In April 2019, BMW served appellants with an offer to compromise pursuant to section 998, which appellants accepted. Under the terms of the offer, BMW agreed to pay appellants $15,000 in exchange for a general release of all claims and causes of action against BMW, "with each side to bear their own costs and attorney fees." The offer did not otherwise specify how the case was to be finally resolved.

On May 28, 2019, the trial court entered a proposed stipulated judgment pursuant to the accepted section 998 offer. Thereafter, BMW successfully moved to vacate the judgment on the ground the terms of the settlement contemplated only a general release and dismissal, not an entry of judgment. On November 19, 2019, the trial court issued an order vacating its judgment.

In a prior appeal, appellants challenged the trial court's order vacating the judgment. This court reversed the order and awarded appellants their costs on appeal. (*Arriagarazo v. BMW of North America, LLC* (2021) 64 Cal.App.5th 742, 744 (*Arriagarazo*).) Remittitur was issued on July 27, 2021.

On July 28, 2021, the trial court conducted a case management conference, at which the trial court vacated its November 19, 2019 order and reinstated the May 28, 2019 judgment.[2]

---

[2] Reinstatement of the vacated judgment by the trial court arguably was unnecessary since reversal of an order ordinarily leaves the proceeding in the same posture in which it stood before the order was made. (*Davcon, Inc. v. Roberts & Morgan* (2003) 110 Cal.App.4th 1355, 1366-1367; *People v. Eroshevich* (2014) 60 Cal.4th 583, 593-594; but see *Hofer v. Young* (1995) 38 Cal.App.4th 52, 58 [remanding with directions].)

On August 26, 2021, appellants filed a memorandum of costs on appeal, seeking $968 in costs, plus an award of attorney fees on appeal in an amount to be determined. The only authority cited to support the request for attorney fees was "Equity."

BMW did not dispute the $968 in costs but brought a motion to tax costs for an award of attorney fees, arguing that there was no statutory or contractual basis for appellants to recover attorney fees or, alternatively, that appellants were time-barred from seeking attorney fees. Appellants opposed the motion, arguing that they were entitled to attorney fees "based upon equitable principles" because of "BMW's bad faith in offering a Section 998 judgment [and] then subsequently moving to vacate [that] judgment." Appellants also argued that they could still timely move for attorney fees under California Rules of Court, rule 3.1702(b) because "the notice of entry of judgment, or simply the entry of judgment, has not yet occurred."

The trial court ultimately granted BMW's motion to tax costs and awarded appellants their costs on appeal in the amount of $968.

On June 15, 2022, appellants filed a "Notice of Re-Entry of Judgment," attaching this court's April 30, 2021 opinion from the first *Arriagarazo* appeal. Subsequently, on August 15, 2022, appellants filed a motion for attorney fees "incurred as a result of the prosecution of the successful appeal of the order vacating judgment . . . in the amount of $35,842.50." The motion rested on the argument that appellants, as the prevailing parties, are entitled to recover their reasonable attorney fees for defeating BMW's motion to vacate the judgment. BMW opposed the motion.

On September 28, 2022, the trial court issued its order denying appellants' motion for attorney fees on the grounds (1) the motion was untimely under California Rules of Court, rule 3.1702(c)(1), (2) the motion was an improper attempt to relitigate the order granting BMW's motion to tax costs, and (3) there was no statutory or contractual basis for an award of attorneys' fees. On October 18, 2022, appellants filed their notice of appeal of the trial court's order.

3

DISCUSSION

Appellants contend the trial court erred in denying their motion for attorney fees, arguing that they should be entitled to recover their attorney fees, despite the fee waiver in the parties' agreement, because the circumstances underlying their agreement materially changed when BMW moved to vacate the judgment. Appellants contend the fee waiver was no longer effective once BMW "breached the settlement agreement."

BMW responds that appellants' argument erroneously assumes that appellants had a right to fees that could be waived. BMW contends the appellants had no legal basis for a fee award in the first instance, regardless of any fee waiver. BMW further contends that the fee motion was properly denied because it was untimely and because it was an improper attempt to relitigate an issue decided by BMW's motion to tax costs.

Applying de novo review (*Loduca v. Polyzos* (2007) 153 Cal.App.4th 334, 340 (*Loduca*)), we agree with BMW that appellants had no legal basis for an attorney fee award.

"With regard to an award of attorney fees in litigation, California generally follows what is commonly referred to as the 'American [r]ule,' which provides that each party to a lawsuit must ordinarily pay his or her own attorney fees. [Citation.]" (*Tract 19051 Homeowners Assn. v. Kemp* (2015) 60 Cal.4th 1135, 1142.) Under the American rule, a prevailing party is not entitled to recover attorney fees from its opponent unless expressly authorized by a contract or statute. (*Loduca, supra*, 153 Cal.App.4th at p. 340; *Linton v. County of Contra Costa* (2019) 31 Cal.App.5th 628, 633; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606; §§ 1021, 1032, subd. (b), 1033.5, subd. (a)(10).)

Here, appellants have not asserted any valid basis for an attorney fee award. Nor have we found any. The operative complaint, which alleges tort causes of action for strict product liability, negligence, and wrongful death, does not identify any contract, statute, or law that would entitle appellants to recover attorney fees for prevailing in the

4

litigation.  Likewise, there is nothing in the settlement agreement permitting appellants to recover fees for enforcing that agreement.

The only authority that appellants cite in support of their application for fees is *Vincent v. Sonkey* (2020) 59 Cal.App.5th 160.  But that case is clearly distinguishable as it involved a complaint for breach of a contract that contained an attorney fee provision.  (*Id*. at pp. 162-163.)  The same is not true here.

Because appellants have failed to show a valid contractual or statutory basis for an award of attorney fees, we affirm the trial court's order denying the fee motion.  (*Olson v. Arnett* (1980) 113 Cal.App.3d 59, 67-68; *Navellier v. Sletten* (2003) 106 Cal.App.4th 763, 776-777; see *Linton v. County of Contra Costa, supra*, 31 Cal.App.5th at pp. 634-635 [noting that section 998 does not independently create a statutory right to attorney fees].)

In light of our decision, we find it unnecessary to decide whether the trial court properly denied the fee motion because it was untimely or improperly sought to relitigate an issue decided when the trial court granted BMW's motion to tax costs.

### DISPOSITION

The order denying the motion for attorney fees is affirmed.  Respondents shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


_____\s\_____,
Krause, J.


We concur:


\_\_\_\_\_\s\_____,
Renner, Acting P. J.


\_\_\_\_\_\s\_____,
Boulware Eurie, J.

5