[No. C069391. Third Dist. Mar. 1, 2012.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
THE SUPERIOR COURT OF SUTTER COUNTY, Respondent;
ALLEN MENIGOZ et al., Real Parties in Interest.

## COUNSEL

Ronald W. Beals, Joann Georgallis and Claire P. LeFlore for Petitioner.

No appearance for Respondent.

Desmond, Nolan, Livaich & Cunningham, Gary Livaich, Brian Manning and Kristen Ditlevsen for Real Parties in Interest.

**O**PINION

**BLEASE, Acting P. J.**—This petition for writ of mandate by the Department of Transportation (DOT) arises from an eminent domain action. DOT accepted the property owners' final demand for compensation several days before the scheduled trial date, resulting in a stipulated judgment. Upon motion by the property owners, the trial court awarded litigation expenses to them under Code of Civil Procedure section 1250.410.[1] DOT filed this petition to challenge the award of litigation expenses. As we shall explain, we agree with DOT that the trial court's award of litigation expenses is reviewable in this writ proceeding.

DOT contends that section 1250.410 does not permit an award of litigation expenses because the case was resolved before trial in the matter. Section 1250.410, subdivision (b) provides that the trial court may award litigation expenses if it finds "that the offer of the plaintiff [(the government)] was unreasonable and that the demand of the defendant [(the property owner(s))] was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding . . . ." The current case does not involve the situation contemplated by the statute, which assumes there has been evidence admitted at trial and a resulting award of compensation. Consequently, we shall conclude the trial court erred in awarding litigation expenses.[2]

## BACKGROUND

The underlying eminent domain proceeding commenced in 2009. The parties represent that they exchanged statements concerning the valuation of the property and disclosed expert witnesses in August of 2010. Witnesses were subsequently deposed in September of that year.

Section 1250.410, subdivision (a) provides that at least 20 days before trial on issues of compensation in an eminent domain action, the parties must file their final offer or demand for compensation. DOT and the property owners submitted their final offer and final demand on September 29, 2010, which was 20 days before the scheduled trial date of October 19, 2010. DOT offered $159,000. The property owners demanded $189,000, specifying that the amount did not include interest or costs. DOT submitted a notice of acceptance of the property owners' offer on October 14, 2010, five days before

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

[2] In light of our decision, we do not directly address DOT's other contentions that an award of litigation expenses is inconsistent with the parties' agreement or that the trial court abused its discretion in finding DOT's final offer to be unreasonable.

trial. Service was by overnight courier, and the property owners represent that they were notified of the acceptance on the following day.

The parties subsequently entered a stipulation for judgment in condemnation. The judgment entered pursuant to the stipulation specified the property owners would recover the interest due as well as "their costs of suit incurred in this proceeding consistent with statute after defendants file a memorandum of costs." The stipulated judgment did not mention litigation expenses.

Upon motion by the property owners, the trial court entered an order granting litigation expenses in the current proceeding. The court subsequently determined the amount of expenses to be awarded. The court's final ruling awarding costs and fees (including $57,224.50 in attorney's fees) was entered in August of 2011, with service on August 15.

This petition for writ of mandate or prohibition was filed on October 11, 2011. The property owners filed their preliminary opposition on October 21, 2011. We subsequently advised the parties that we were considering issuing a peremptory writ in the first instance and provided additional time to file any further opposition. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893] (*Palma*).) The property owners filed further opposition on November 14, 2011. DOT filed a reply on November 21, 2011.

■ In their opposition to the petition, the property owners request oral argument. Pursuant to the *Palma* procedure, a peremptory writ may issue without oral argument. (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1243–1244 [104 Cal.Rptr.3d 145, 223 P.3d 15].) Accordingly, the request is denied.

## DISCUSSION

### I. *Appealability*

■ Preliminarily, the property owners have argued that the current matter is not subject to writ review because it is appealable. It is true that "[a] postjudgment order awarding or denying attorney's fees is separately appealable, as an order made after an appealable judgment." (*P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1053 [120 Cal.Rptr.2d 98]; see also § 904.1, subd. (a)(2) [authorizing appeal of order made after appealable judgment].) A statutory award of litigation expenses pursuant to section 1250.410 may likewise be appealed if such expenses are awarded following a trial and judgment. But here the original judgment was a nonappealable judgment entered by *stipulation*. In a similar

case involving an eminent domain action that was resolved by stipulation, subsequent orders were held to be nonappealable because the judgment entered by stipulation was not itself appealable. (*City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595 [120 Cal.Rptr.3d 699].)

The property owners claim the current case is distinguishable because of the nature of an award of litigation expenses. Specifically, they argue that the award was not made in furtherance of the parties' agreement and is instead akin to a final order on a "collateral matter," which is "distinct and severable from the general subject of the litigation . . . ." (*Southern Pacific Co. v. Oppenheimer* (1960) 54 Cal.2d 784, 786 [8 Cal.Rptr. 657, 356 P.2d 441].) Accordingly, the property owners claim the award of litigation expenses is independently appealable and the fact that a stipulated judgment was entered is of no consequence.

■ A statutory award of litigation expenses is not a collateral matter. It is inextricably intertwined with the general subject of the litigation. An order for litigation expenses (assuming it were otherwise permissible) is based on a determination of the reasonableness of the final offer and demand for compensation in light of the "evidence admitted and the compensation awarded in the proceeding . . . ." (§ 1250.410, subd. (b).) Accordingly, resolution of the issue is based on the compensation awarded in the action.

Further, as we shall explain, writ review is warranted because the trial court exceeded its jurisdiction in applying section 1250.410 to the current case. (See *American Mut. Liab. Ins. Co. v. Superior Court* (1974) 38 Cal.App.3d 579, 588 [113 Cal.Rptr. 561].) Accordingly, we conclude that this matter is reviewable in the current writ proceeding.

## II. *Litigation Expenses*

■ Section 1250.410, subdivision (b) provides: "If the court, on motion of the defendant [(the property owner(s))] made within 30 days after entry of judgment, finds that the offer of the plaintiff [(the government)] was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses." Litigation expenses include reasonable attorney's fees and costs, as well as expert witness and appraiser fees. (§ 1250.410,

subd. (e).) Unless litigation expenses are awarded, the government's liability for additional expenses is limited to ordinary costs as described in section 1268.710.[3]

DOT asserts that the statute does not contemplate an award of litigation expenses in the current case, in which they accepted the property owners' final demand and thereby averted a trial. We agree.

■ By requiring the court to evaluate the parties' offer and demand "in the light of the evidence admitted and the compensation awarded in the proceeding," the statutory language predicates a decision on litigation expenses after trial. (§ 1250.410, subd. (b).) This appellate court has observed: " ' "The statute calls on the trial judge to make a discretionary determination of reasonableness after weighing all the evidence and assessing witness credibility independently of the jury." ' " (*People ex rel. Dept. of Transportation v. Acosta* (2009) 178 Cal.App.4th 762, 774 [100 Cal.Rptr.3d 669].) The Supreme Court has likewise explained: "Section 1250.410 requires the court to evaluate the reasonableness of the plaintiff's offer in light of the award and the evidence adduced at trial." (*Redevelopment Agency v. Gilmore* (1985) 38 Cal.3d 790, 808 [214 Cal.Rptr. 904, 700 P.2d 794].) These cases are merely illustrative; many other cases address section 1250.410 in the context of a trial in which evidence has been admitted. (See, e.g., *Tracy Joint Unified School Dist. v. Pombo* (2010) 189 Cal.App.4th 889 [117 Cal.Rptr.3d 470]; *People ex rel. Dept. of Transportation v. Woodson* (2001) 93 Cal.App.4th 954 [113 Cal.Rptr.2d 559]; *People ex rel. Dept. of Transportation v. Yuki* (1995) 31 Cal.App.4th 1754 [37 Cal.Rptr.2d 616]; *City of Commerce v. National Starch & Chemical Corp.* (1981) 118 Cal.App.3d 1 [173 Cal.Rptr. 176].)

Further, the decision whether to award litigation expenses pursuant to section 1250.410 is not based on the general reasonableness of the government's conduct in the eminent domain proceeding. The focus of the statute is a case in which the government's unreasonable conduct forces the matter to trial. By its own terms, the statute does not always permit full recompense to the property owner for litigation expenses. It is the *final* offer and *final* demand that are evaluated for reasonableness against the award pursuant to section 1250.410. Consequently, even if the government's conduct with respect to earlier compensation offers and demands is unreasonable, the government is not liable for litigation expenses if it makes a reasonable final offer.

---

[3] Section 1268.710 provides: "The defendants shall be allowed their costs, including the costs of determining the apportionment of the award made pursuant to subdivision (b) of Section 1260.220, except that the costs of determining any issue as to title between two or more defendants shall be borne by the defendants in such proportion as the court may direct."

Case law recognizes that one of the purposes of section 1250.410 is to encourage settlement. (*Inglewood Redevelopment Agency v. Aklilu* (2007) 153 Cal.App.4th 1095, 1117 [64 Cal.Rptr.3d 519]; *Santa Clara Valley Water Dist. v. Gross* (1988) 200 Cal.App.3d 1363, 1368 [246 Cal.Rptr. 580].) An award of litigation expenses in the current situation would discourage settlement by forcing the government to take into account its liability for significant additional expenses even if it were otherwise inclined to accept the property owner's reasonable demand. In some cases, the government might prefer to take its chances at trial.

■    We recognize that the property owners assert that they incurred substantial expenses in preparing for trial during the approximately two weeks that elapsed between the final demand and DOT's acceptance of it. But we find no statutory support for concluding the mere delay between the time a final demand is made and the time it is accepted (even if that delay results in some additional expense to the property owner) can support an award of litigation expenses. The statute does not require a party to decline or accept a final offer or demand at some specific point prior to trial. To hold otherwise would invite litigation over litigation expenses in virtually every case in which a final demand is not immediately accepted.

There is, however, a case, *Coachella Valley County Water Dist. v. Dreyfuss* (1979) 91 Cal.App.3d 949, 957 [154 Cal.Rptr. 467] (*Coachella*), in which the appellate court allowed a somewhat broader construction of section 1250.410. The property owners in the current case argue that *Coachella* is controlling. We disagree.

In *Coachella*, the government accepted the property owners' final statutory demand after the jury was impaneled and sworn. (*Coachella, supra*, 91 Cal.App.3d at pp. 952–953.) The property owners moved the trial court for litigation expenses, which were denied. (*Id.* at p. 953.) The appellate court concluded the trial court erred. The court phrased the question as follows: "Does section 1250.410 permit an award of litigation expenses where the condemner fails to accept the property owner's final demand until after commencement of trial?"[4] (91 Cal.App.3d at p. 953.) The court answered the

---

[4] Section 1250.410 has been amended since the decision in *Coachella*. Based on the version in effect at the time, *Coachella* also addressed another issue concerning the property owners' entitlement to ordinary costs and interest. (See *Coachella, supra*, 91 Cal.App.3d at pp. 953–955.) An amendment to section 1250.410 added the language requiring that the offer and demand include all compensation required by the title. The California Law Revision Commission comments stated that the purpose of this amendment was "to counteract dictum in cases [including *Coachella*] to the effect that the provision is not intended to require the offer and demand to cover items other than the value of the part taken and damage, if any, to the remainder." (Cal. Law Revision Com. com., 19 West's Ann. Code Civ. Proc. (2007 ed.) foll. § 1250.410, p. 533.)

question in the affirmative. The court rejected the argument that a full trial and award entered pursuant to trial were necessary prerequisites to an award of litigation expenses, notwithstanding the statutory language requiring the trial court to consider the "evidence admitted" in determining whether to award litigation expenses. (*Id.* at pp. 956–957.) The court explained that to so hold would lead to unreasonable and absurd results, preventing an award of litigation expenses even if the trial had been held and the case submitted to a jury. (*Id.* at p. 957.) Accordingly, it would thwart the purpose of the statute to compensate a property owner who has unreasonably been required to litigate the case. (*Ibid.*) The court explained: "If the purpose of the statute is to make whole a property owner who has been required to litigate because of the condemner's unreasonable offer, the right to recover litigation costs should hinge, not on whether the amount of compensation has been determined by a jury verdict or court finding, but on whether the property owner has been unreasonably required to litigate." (*Ibid.*)

*Coachella* did not directly address the situation presented by the current case, where no trial had commenced. Instead, the court in that case noted: "Assuming that a claim under section 1250.410 will not lie where a condemner accepts a property owner's demand before trial commences, here trial had commenced. Where a case has been set for jury trial, trial commences with the examination of prospective jurors." (*Coachella, supra*, 91 Cal.App.3d at p. 957.)

We decline to extend the ruling in *Coachella* to the current situation.[5] There is no reason to ignore the statutory language to prevent an absurd result in the current case. We fail to see how the government has forced a party to unreasonably litigate in the manner anticipated by the statute if the government actually accepts the property owners' own demand 15 days after that demand is made and several days *before* trial.

---

[5] We note that *Coachella, supra*, 91 Cal.App.3d 949, was relied upon by the appellate court in a case decided soon thereafter, *Los Angeles County Flood Control Dist. v. Mindlin* (1980) 106 Cal.App.3d 698, 717 [165 Cal.Rptr. 233] (*Mindlin*), in which the court observed: "We hold that condemnees are not precluded from seeking an award of litigation expenses by compromising or settling the valuation of the subject property." But *Mindlin* actually concerned former section 1249.3, the predecessor to section 1250.410, that contained somewhat different language. (*Mindlin, supra*, at pp. 714–717 & fn. 4.) Moreover, *Mindlin* is factually distinguishable because the eminent domain action had proceeded through the first phase of a bifurcated trial; the parties did not enter a stipulation for compensation until the day the second phase of the trial was set to begin. (*Id.* at pp. 703–704; see also *People ex rel. Dept. of Transportation v. Gardella Square* (1988) 200 Cal.App.3d 559, 564–565, 576–578 [246 Cal.Rptr. 139] [government accepts demand after originally scheduled trial date, where trial is postponed and further litigation ensues].)

## DISPOSITION

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue the peremptory writ forthwith. (See *Palma v. U.S. Industrial Fasteners, Inc., supra*, 36 Cal.3d 171.) Let a peremptory writ of mandate issue directing respondent superior court to vacate its award and determination of litigation expenses pursuant to Code of Civil Procedure section 1250.410, and enter a new and different order denying such expenses. Our decision does not affect the trial court's award of the ordinary costs of suit to the property owners. (Code Civ. Proc., § 1268.710.) Real parties in interest (the property owners) shall also recover their costs of this writ proceeding since the government is normally required to pay appellate costs in an eminent domain action regardless of who prevails. (See Code Civ. Proc., § 1268.720; Cal. Rules of Court, rule 8.493(a)(1)(B).)

Butz, J., and Hoch, J., concurred.