Filed 10/29/13  Hartnett v. San Diego County Office of Education CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RODGER HARTNETT, | D060738 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2008-00081583-CU-WT-CTL) |
| SAN DIEGO COUNTY OFFICE OF EDUCATION et al., | |
| Defendants and Respondents. | |

APPEAL from a postjudgment order of the Superior Court of San Diego County, Steven R. Denton, Judge.  Appeal dismissed.

Vrevich & Associates and Barry M. Vrevich, Adrianna Cordoba, for Plaintiff and Appellant.

Higgs, Fletcher & Mack and Steven J. Cologne, John Morris, Victoria E. Fuller, Sam Sherman, for Defendants and Respondents.

After plaintiff and appellant Rodger Hartnett successfully petitioned for a writ of mandate seeking reinstatement of his employment with back pay against defendants and respondents San Diego County Office of Education (Office) and Randolph E. Ward, Ed.D., Hartnett moved for an award of attorney fees under Code of Civil Procedure section 1033.5 and the federal Civil Rights Act, title 42 United States Code sections 1983 and 1988 (sections 1983 and 1988). The trial court denied Hartnett's motion. Hartnett purports to appeal from that postjudgment order, contending the court abused its discretion in denying section 1983 attorney fees because (1) as a permanent government employee, he had liberty and property interests to continued employment; (2) the court had jurisdiction to rule on his attorney fees motion; (3) he adequately pleaded a section 1983 claim and prevailed on the underlying writ; and (4) the requested attorney fees are reasonable in amount and hourly rate.

As we explain, we lack jurisdiction to consider Hartnett's appeal because it is not taken from a directly appealable postjudgment order. We therefore dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2008, Hartnett filed a complaint against Office, Ward and other individuals alleging, among other things, he was wrongfully terminated from his employment with Office as a senior claims coordinator. Hartnett amended his complaint and also filed successive petitions for writ of mandate. In his first writ petition, Hartnett challenged the procedural due process of the disciplinary procedures for his termination. In the second, Hartnett argued (1) Office's personnel commission (the commission) acted without jurisdiction in upholding his termination; (2) he did not receive a fair trial; and

2

(3) the commission abused its discretion in that it failed to conduct an investigation, its decision was not supported by the findings, and its findings were not supported by the evidence.

The trial court denied Hartnett's first writ petition, but granted the second and ordered Hartnett's reinstatement and an award of back pay from the date of his termination. The court ruled the commission did not proceed in the manner required by law because it failed to conduct an investigation required by Education Code section 45306.

Thereafter, Hartnett unsuccessfully moved for an award of $222,447 in attorney fees under Code of Civil Procedure sections 1032, 1033.5, and 1021.5. The trial court ruled in part that its order on Hartnett's writ did not validate Hartnett's whistleblower claims; his success did not confer a benefit on a large class of persons; and the action was motivated by Hartnett's own pecuniary interests, as he sought only back pay and reinstatement.

In December 2010, the trial court set a hearing on the amount of back pay due Hartnett. Following an evidentiary hearing, the court ruled Hartnett was entitled to back pay, interest, as well as certain healthcare premium reimbursement, and in March 2011, it entered a writ of mandate awarding Hartnett $234,703.55. A purported judgment on the writ of mandate was filed on May 13, 2011, under a different case number.

In July 2011, Hartnett again moved for an award of attorney fees under Code of Civil Procedure section 1033.5, this time on grounds they were recoverable under section 1988 because he was the prevailing party in an action involving his constitutional rights

3

and civil liberties as protected by section 1983. Hartnett argued that even though he had not captioned his writ petition as a section 1983 claim, the petition nevertheless stated a cause of action because he "was a permanent civil service employee with the types of interests that invoke constitutional requirements for pre-removal safeguards" and he was denied due process when Office failed to exercise those safeguards before his termination. He also argued Office violated his rights to due process when it reclassified his position and downgraded his pay without notice.

The trial court denied the motion, ruling (1) Hartnett had not pleaded a section 1983 claim; (2) it lacked jurisdiction to reconsider its original prejudgment ruling denying attorney fees; and (3) on the merits, the action involved the enforcement of rights granted via state statutory law, not a violation of the federal Constitution. Hartnett purports to appeal from that order.

DISCUSSION

We decide this matter on the threshold question of appellate jurisdiction, which we are duty-bound to consider on our own motion. (*Olson v. Cory* (1983) 35 Cal.3d 390, 399.) Having done so, we conclude we must dismiss the appeal.

"The right to appeal is wholly statutory" (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5) and in civil matters, appealable judgments and orders are enumerated in Code of Civil Procedure section 904.1. (*Ibid*.) Code of Civil Procedure section 904.1, subdivision (a)(2) permits an appeal "[f]rom an order made after a judgment made appealable by [Code of Civil Procedure section 904.1, subdivision (a)(1)]." This section requires that, to be appealable, the order must be made after a

4

judgment that was itself appealable, that is, a final judgment. (See *Olson v. Cory*, *supra*, 35 Cal.3d at p. 399; *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651, fn. 3; *People ex. rel. Dept. of Transportation v. Superior Court* (*Menigoz*) (2012) 203 Cal.App.4th 1505, 1509-1510 [postjudgment order awarding litigation expenses entered after nonappealable stipulated judgment is not an appealable order].)

Of course, numerous cases hold that a postjudgment order on a motion for attorney fees is separately appealable. (E.g., *Silver v. Pacific American Fish Co., Inc.* (2010) 190 Cal.App.4th 688, 693; *People v. Bhakta* (2008) 162 Cal.App.4th 973, 981 [order on motion for attorney fees following an amended judgment including a permanent injunction]; *Whiteside v. Tenet Healthcare Corp.* (2002) 101 Cal.App.4th 693, 706 [order on motion for attorney fees following summary judgment].) But the postjudgment orders in these cases were plainly made after appealable final judgments or judgments otherwise appealable under Code of Civil Procedure section 904.1, subdivision (a)(1). As we have concluded in our companion opinion, the May 13, 2011 judgment is not such a judgment.

## DISPOSITION

The appeal is dismissed.  The parties shall bear their own costs on appeal.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McDONALD, J.