Filed 12/17/18

# CERTIFIED FOR PARTIAL PUBLICATION[*]

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| BEVERLY JEAN GASSNER,<br><br>        Plaintiff,<br><br>v.<br><br>LORETTA L. STASA,<br><br>        Defendant and Respondent;<br><br>LAW OFFICES OF MARC E.<br>GROSSMAN,<br><br>        Objector and Appellant. | E068058<br><br>(Super.Ct.No. CIVRS1200136)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Sachs,

Judge.  Reversed.

Law Offices of Marc E. Grossman, Marc E. Grossman, and Eva M. Hollands for

Objector and Appellant.

Borton Petrini and Joseph L. Richardson for Defendant and Respondent.

---

        *        Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts III and IV.

The Law Offices of Marc E. Grossman (Grossman firm) represented the plaintiff in this action. After the plaintiff voluntarily dismissed the action without prejudice, the trial court awarded costs — not only against the plaintiff, but also against the Grossman firm. The plaintiff moved to vacate the costs order, but the trial court denied that motion.

The Grossman firm appeals.

The bulk of this opinion is devoted to appealability, because it poses a more difficult issue than do the merits.

With regard to the order awarding costs, there is a split of authority as to whether such an order is appealable when it is made after a voluntary dismissal without prejudice. We will follow the case law holding that it is appealable. The Grossman firm, however, failed to file a timely appeal from that order.

With regard to the order denying the motion to vacate, ordinarily such an order is not appealable on grounds that could have been raised in an appeal from the underlying order. This bar does not apply, however, when the underlying order is void. Moreover, the appeal is timely with respect to this order.

Finally, on the merits, we will hold that the order awarding costs against the Grossman firm was indeed void, because the Grossman firm was not a party. Accordingly, we will reverse.

I

PROCEDURAL BACKGROUND

In 2012, Beverly Jean Gassner, an attorney, filed this action against Loretta Stasa, her former client, for unpaid fees. Gassner was represented by the Grossman firm. In 2016, Gassner voluntarily dismissed the action without prejudice.

Stasa filed a memorandum of costs, seeking $2,698.91 in ordinary costs. At the same time, she also filed a motion for attorney fees. The notice of motion asked that she "be . . . awarded reasonable attorneys' fees . . . in addition to $2,698.91 in other costs . . . ." The notice of motion did not specify against whom the attorney fees and costs should be awarded. The memorandum of points and authorities, however, stated: "Defendant requests that Plaintiff, Beverly Gassner or its [*sic*] counsel Law Offices of Marc E. Grossman, be ordered to pay attorney's fees . . . in addition to other costs of $2,698.91."

Gassner did not file a motion to tax costs. However, she did file an opposition to the motion for attorney fees. It did not discuss whether attorney fees or costs could or should be awarded against the Grossman firm.

On August 4, 2016, at the hearing on the motion for attorney fees, the trial court ruled: "I am going to deny the attorney's fees and award that portion of the cost bill that does not relate to attorney's fees." It signed and entered a proposed order, prepared by counsel for Stasa, which stated, "Plaintiff, Beverly Jean Gassner or its [*sic*] counsel Law Offices of Marc E. Grossman, is ordered to pay other costs in the sum of $2,698.91."

3

On August 31, 2016, Gassner filed a motion under Code of Civil Procedure section 473, subdivision (b) to vacate the costs order based on mistake, inadvertence, surprise or excusable neglect. The only mistake, etc. that she asserted was her failure to file a motion to tax costs. Once again, the motion did not discuss whether costs could or should be awarded against the Grossman firm.

On October 3, 2016, after hearing argument, the trial court denied the motion, orally and in a minute order, and directed Stasa to give notice. On October 4, 2016, Stasa served a notice of ruling.

Later, Stasa also submitted a proposed order stating, once again, "Plaintiff, Beverly Jean Gassner or its counsel the law offices of Marc E. Grossman, is ordered to pay costs . . . in the sum of $2,698.91 forthwith . . . ."

Gassner filed objections to the proposed order, arguing that it was inaccurate because the trial court had never actually awarded costs against counsel. However, she did not argue that it lacked the power to do so.

On January 30, 2017, the trial court held a hearing on the objections. It concluded that the proposed order was accurate because its August 4, 2016 order had, in fact, awarded costs against both Gassner and her counsel. It therefore ruled that the cost award was "[j]oint and several as to both." It signed and entered Stasa's proposed order.

On March 29, 2017, the Grossman firm filed a notice of appeal, purportedly from the January 30, 2017 order denying the motion to vacate.

II

APPEALABILITY

There is a significant preliminary issue as to whether this appeal was taken from an appealable order in a timely manner. We gave the parties the opportunity to submit supplemental briefs on this issue; only the Grossman firm chose to do so.

The trial court made three orders that are relevant: (1) the August 4, 2016 order on Stasa's motion for attorney fees; (2) the October 3, 2016 minute order on Gassner's motion to vacate; and (3) the January 30, 2017 formal order on Gassner's motion to vacate. The Grossman firm's notice of appeal stated that it was appealing exclusively from the January 30, 2017 order. Nevertheless, because a notice of appeal must be liberally construed (rule 8.100(a)[1]), we consider whether the appeal is valid with respect to any of these three orders.

A.    *General Legal Principles.*

Ordinarily, "a notice of appeal must be filed on or before the earliest of:

"(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served;

---

[1]    This and all further citations to rules refer to the California Rules of Court.

5

"(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or

"(C) 180 days after entry of judgment." (Rule 8.104(a)(1).)

Although there are several exceptions to this rule, the only one relevant here is rule 8.108(c), which provides:

"If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move — or a valid motion — to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of:

"(1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order;

"(2) 90 days after the first notice of intention to move — or motion — is filed; or

"(3) 180 days after entry of judgment."

For purposes of both rules, "'judgment' includes any judgment or order that may be appealed." (Rule 8.10(4).)

"The entry date of a judgment is the date the judgment is filed . . . , or the date it is entered in the judgment book." (Rule 8.104(c)(1).)

"The entry date of an appealable order that is entered in the minutes is the date it is entered in the permanent minutes. But if the minute order directs that a written order be prepared, the entry date is the date the signed order is filed; a written order prepared

6

under rule 3.1312 or similar local rule is not such an order prepared by direction of a minute order." (Rule 8.104(c)(2).)

B. *The August 4, 2016 Order Awarding Costs*.

1. *Appealability*.

There is a split of authority as to whether an order either allowing or taxing costs (costs order) is appealable when it is made after a voluntary dismissal without prejudice.

*Mon Chong Loong Trading Corp. v. Superior Court* (2013) 218 Cal.App.4th 87 held that such an order is *not* appealable. (*Id*. at p. 92.) It explained: "An order on a motion to tax costs is ordinarily 'separately appealable as an order after final judgment.' [Citations.] That is, an appeal may be taken from a postjudgment order. ([Code Civ. Proc.,] § 904.1 subd. (a)(2).) Here, however, there has been no judgment, only a dismissal, and the entry of dismissal by the clerk is a 'ministerial, not a judicial, act, and no appeal lies therefrom.' [Citation.] Therefore, the order taxing costs follows a nonappealable voluntary dismissal, and is similarly nonappealable." (*Ibid*.)

*Mesa Shopping Center-East, LLC v. O Hill* (2014) 232 Cal.App.4th 890, however, held that such an order *is* appealable. There, the trial court stayed the action pending arbitration. (*Id*. at p. 895.) The plaintiffs then voluntarily dismissed it without prejudice. The defendants prevailed in the arbitration, but the trial court denied their motion to vacate the voluntary dismissal and to award attorney fees. (*Id*. at p. 897.)

The appellate court acknowledged *Mon Chong Loong* as holding "that an order taxing costs following a nonappealable voluntary dismissal was not appealable.

7

[Citation.]" (*Mesa Shopping Center-East, LLC v. O Hill*, *supra*, 232 Cal.App.4th at p. 898.)

It also acknowledged cases holding that an order granting or denying a motion to vacate a voluntary dismissal is nonappealable. (*Mesa Shopping Center-East, LLC v. O Hill*, *supra*, 232 Cal.App.4th at pp. 897-898, citing *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1364-1366 [order granting a motion to vacate a voluntary dismissal without prejudice is not appealable]; *Gray v. Superior Court* (1997) 52 Cal.App.4th 165, 170-171 [order denying a motion to vacate a voluntary dismissal without prejudice is not appealable].)[2] It stated: "[T]he . . . logic precluding appeal of an order denying a motion to vacate a voluntary dismissal would seem to apply equally to an order denying an award of attorney fees or costs, as such an order would also lack an appealable judgment to which to attach itself." (*Mesa*, *supra*, at p. 898.)

It continued, however: "In our view, the law has taken a wrong turn . . . . [W]e conclude that a voluntary dismissal in conjunction with the postdismissal rulings made here are appealable as a judgment and orders attached thereto." (*Mesa Shopping Center-East, LLC v. O Hill*, *supra*, 232 Cal.App.4th at p. 898.) It explained: "Once . . . arbitration began on the merits of the parties' dispute, the possible recovery of attorney fees by one of the parties was one of the few potential remaining issues in this action.

---

**2** *Mesa* also noted *Basinger v. Rogers & Wells* (1990) 220 Cal.App.3d 16, 20-21, which held, to the contrary, that an order granting a motion to vacate a voluntary dismissal (with prejudice, in *Basinger*) *is* appealable. (*Mesa Shopping Center-East, LLC v. O Hill*, *supra*, 232 Cal.App.4th at pp. 897-898.)

The court's order denying the [defendants'] request for attorney fees, issued in tandem with the denial of their request to vacate the dismissal, constituted the final determination of the issues in this case. There was nothing interlocutory about the court's rulings. [Citation.] Common sense dictates that we forego a hypertechnical interpretation of [Code of Civil Procedure] section 904.1 that would leave the [defendants] without the right to appeal despite an adverse judicial ruling ending the action and their right to seek attorney fees. [Citation.]" (*Id*. at p. 899.)

In our view, *Mesa* is more persuasive than *Mon Chong Loong*. *Mon Chong Loong* jumped to the conclusion that a costs order after a voluntary dismissal without prejudice is appealable — if at all — *only* as a postjudgment order under Code of Civil Procedure section 904.1, subdivision (a)(2). While the vast majority of costs orders *are* entered after a final judgment and are therefore appealable on that theory, *Mesa* correctly recognized that a costs order may be appealable on some other theory, including, if it qualifies, as a final judgment.

"A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.)

A plaintiff may dismiss an action "[w]ith or without prejudice, upon written request . . . to the clerk . . . or by oral or written request to the court at any time before the actual commencement of trial . . . ." (Code Civ. Proc., § 581, subd. (b)(1).) "All dismissals ordered *by the court* . . . shall constitute judgments . . . ." (Code Civ. Proc., § 581d, italics added.) "[T]he county clerk, in entering the order for dismissal, acts in a

9

mere ministerial capacity and exercises no judicial function." (*Riley v. Superior Court of Orange County* (1952) 111 Cal.App.2d 365, 367.)

Arguably, a voluntary dismissal by the clerk with prejudice is a judgment — at least for some purposes — because it is a final determination of the parties' rights. (See *Federal Home Loan Bank of San Francisco v. Countrywide Financial Corp.* (2013) 214 Cal.App.4th 1520, 1527 [voluntary dismissal with prejudice is a final judgment for purposes of res judicata]; *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899, 905-907 [voluntary dismissal with prejudice is a final judgment for purposes of offer to compromise under Code Civ. Proc., § 998]; but see *Yancey v. Fink* (1991) 226 Cal.App.3d 1334, 1342-1343 [voluntary dismissal with prejudice is not an appealable final judgment].)

A voluntary dismissal by the clerk *without* prejudice, however, is clearly not a judgment. (*Cook v. Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 760-761 ["there is no kinship of a voluntary dismissal to a final judgment"]; see also *In re Tomi C.* (1990) 218 Cal.App.3d 694, 697-698 [voluntary dismissal without prejudice is not a judgment for purposes of appealability]; *Gray v. Kay* (1975) 47 Cal.App.3d 562, 564-565 [voluntary dismissal without prejudice is not a judgment for purposes of attorney fees under Civ. Code, § 1717]; *Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 121 [same].)

It follows that a costs order following a voluntary dismissal by the clerk without prejudice is not appealable as a *postjudgment* order under Code of Civil Procedure

10

section 904.1, subdivision (a)(2). For the same reason, however, such a costs order is the final determination of the parties' rights; hence, it is a judgment and appealable as such under Code of Civil Procedure section 904.1, subdivision (a)(1).**3**

This is sufficient to distinguish *People ex rel. Dept. of Transportation v. Superior Court* (2012) 203 Cal.App.4th 1505. In that case, an eminent domain action (*id*. at p. 1508), the parties entered into a stipulated judgment. (*Id*. at p. 1509.) Thereafter, the trial court awarded attorney fees to the defendants as litigation expenses under Code of Civil Procedure section 1250.410. (*Id*. at pp. 1509-1511.) The appellate court held that the award was not appealable, because the underlying stipulated judgment was not appealable. (*Id*. at pp. 1509-1510.) There, however, the award of litigation expenses could not be viewed as a judgment, because the stipulated judgment, while not appealable, was nevertheless a judgment. "It is settled that as a general rule there can be only one final judgment in a single action. [Citations.]" (*Nicholson v. Henderson* (1944) 25 Cal.2d 375, 378.) Here, however, as discussed, a voluntary dismissal without prejudice is not a judgment; thus, it leaves the field open for a later costs order to be *the* final judgment.

This brings us to the cases, discussed in *Mesa*, dealing with motions to vacate a voluntary dismissal. As noted, these cases are not entirely consistent with each other. In

---

**3**     Because we conclude that the August 4, 2016 order is appealable as a judgment, we express no opinion on whether it is appealable under the collateral order doctrine. (See *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.)

11

any event, we do not agree with *Mesa* that the "logic" of these cases "would seem to apply equally" here. An order granting or denying a motion to vacate a nonappealable judgment or order is itself nonappealable because "appealability cannot be created by moving to reconsider or vacate a nonappealable order and then appealing from an order denying the motion. [Citations.]" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2018) ¶ 2.151, p. 2-94.) By contrast, reviewing a costs order after a voluntary dismissal does not require any review of the underlying dismissal. Thus, it presents no threat of back-door review of a nonappealable order.

To the contrary, as *Mesa* reasoned, there is every reason to allow review of a costs order made after a voluntary dismissal. Such a costs order is not interlocutory; it cannot be reviewed in an appeal from some subsequent final judgment. There is a need for some kind of review, but there is no need for the speedy and often summary review that a writ petition entails.

We therefore conclude that the August 4, 2016 order, awarding costs after the voluntary dismissal of the action, was appealable.

2.      *Timeliness*.

Unless rule 8.108 extended the time, the latest date to appeal from the August 4, 2016 order was 180 days after entry of the order (rule 8.104(a)(1)(C)); this time expired on January 31, 2017.

Gassner did file a motion to vacate. (See *Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 5, fn. 2 [motion under Code Civ. Proc., § 473 is a motion to

12

vacate for purposes of extending time to appeal].)  Moreover, she filed the motion on August 31, 2016 — well within the time to appeal from the August 4, 2016 order.  However, this could extend the time to appeal, at most, to 180 days after entry of the order, which, again, expired on January 31, 2017.  (Rule 8.108(c)(3).)

Either way, then, the notice of appeal, filed on March 29, 2017, was filed too late to obtain review of the August 4, 2016 order.

C.      *The October 3, 2016 Minute Order and the January 30, 2017 Written Order Denying the Motion to Vacate*.

1.      *Appealability*.

Had the order awarding costs been nonappealable, an order refusing to vacate that order would likewise be nonappealable.  "'If the original ruling is not final and appealable in its own right, then it is not a judgment and an order denying reconsideration cannot be appealable.  ""[A]n appeal may not be taken from a nonappealable order by the device of moving to vacate the order and appealing from a ruling denying the motion."  [Citation.]'  [Citation.]"  (*I.J. Weinrot & Son, Inc. v. Jackson* (1985) 40 Cal.3d 327, 331.)

As we held in part II.B.1, *ante*, however, the order awarding costs was appealable as a judgment.  Thus, the later orders refusing to set it aside were appealable, if at all, as postjudgment orders.

"A postjudgment order cannot be appealed on issues that could have been reviewed on appeal from the prior judgment; a *new issue* must be raised. . . .  Otherwise,

the parties would effectively be allowed two appeals from the same ruling." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2018) ¶ 2:152, p. 2-94, citing *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 and *Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 161.) The Grossman firm could have appealed from the order awarding costs on the same grounds as it is raising in this appeal. Ordinarily, this would mean the later orders were not appealable.

"' . . . [H]owever, an exception to this general rule applies when the underlying judgment is void. In such a case, the order denying the motion to vacate is itself void and appealable because it gives effect to a void judgment.' [Citation.]" (*311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009, 1014; accord, *Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691.)[4] Here, the Grossman firm is appealing from the orders denying the motion to vacate on the ground that the order awarding costs was void. (And in an unpublished portion of this opinion, we will hold that it was, in fact, void.) While Gassner's motion to vacate did not specifically argue that the order awarding costs was void, "[a] judgment that is void on the face of the record is subject to either direct or collateral attack at any time. [Citations.]" (*OC*

---

[4] An order denying a motion to vacate a void *judgment* is appealable as a postjudgment order. (*John Siebel Associates v. Keele* (1986) 188 Cal.App.3d 560, 564, fn. 3.) But an order denying a motion to vacate a nonappealable order is not appealable, because the underlying order is not a judgment, even if it is void. (See *ibid*.)

This is why we had to determine, in part II.B.1, *ante*, whether the August 4, 2016 order was appealable, even though we also determined that the appeal from that order was untimely.

14

*Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1327.)

Accordingly, one of the orders denying the motion to vacate — either the October 3, 2016 minute order or the January 20, 2017 formal order — was appealable.

### 2. *Timeliness*.

On October 3, 2016, when the trial court orally denied the motion to vacate, it did not direct anybody to prepare a written order. It merely directed Stasa to give notice, which is not the same thing. Admittedly, under rule 3.1312(a), Stasa was required to prepare a written order; rule 8.104(c)(2), however, specifically provides that the preparation and entry of a written order under rule 3.1312 does not reset the entry date of an oral order that has been entered in the minutes. Thus, the Grossman firm's time to appeal started running on October 3, 2016, when the oral order was entered in the minutes, and not on January 30, 2017, when the formal order was entered.

On October 4, 2016, Stasa served a "Notice of Ruling," giving notice of this order. However, because it was not entitled "Notice of Entry" and did not attach a file-stamped copy of the trial court's minute order, it did not trigger the 60-day deadline to appeal under rule 8.104(a)(1)(B). (*Carmel, Ltd. v. Tavoussi*, *supra*, 175 Cal.App.4th at p. 399.)

The Grossman firm therefore had 180 days to appeal from the October 3, 2016 order denying the motion to vacate — i.e., until April 3, 2017. Its notice of appeal, filed on March 29, 2017, was timely.

15

III

THE GROSSMAN FIRM'S LIABILITY FOR COSTS

The Grossman firm contends that the trial court erred by awarding costs against it. We agree.

"[C]osts are not assessable against nonparties . . . ." (*Crampton v. Takegoshi* (1993) 17 Cal.App.4th 308, 320, disapproved on unrelated grounds in *Phelps v. Stostad* (1997) 16 Cal.4th 23, 34; accord, *Banks v. Manos* (1991) 232 Cal.App.3d 123, 129; see also *Whitten v. Dabney* (1915) 171 Cal. 621, 632-633 [intervener is not liable for costs incurred before his intervention].) Stasa does not argue otherwise.

Stasa does argue, however, that the Grossman firm was "in effect" a party, because it had purchased Gassner's accounts receivable. (Capitalization altered.) We need not decide whether this theory is viable, because it is not supported by the record. Stasa cites Gassner's sopposition to the motion for attorney fees, which stated: "Plaintiff's counsel herein, Law Offices of Marc Grossman . . . took over the handling of the Plaintiff's receivables in approximately 2010." "Handling" would seem to mean that the Grossman firm, as attorney, was representing Gassner, as client, in her collection matters. This statement is not substantial evidence that it was the Grossman firm, rather than Gassner, that had the ultimate beneficial interest in the receivables.[5]

---

[5] Indeed, in the same paragraph, the opposition also stated that the case had not settled because Gassner was "in [her] 80s and in failing health and could not benefit from [the] payment plan [proposed by Stasa] that barely covered the interest accruing on the obligation." Thus, it indicated that Gassner still held the beneficial interest.

If Stasa truly believed the Grossman firm was the real party in interest, she could have obtained an order substituting it into the action as such. (*Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 134; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2018) ¶ 2:509, p. 2-114.) Indeed, Weil and Brown warn: "This is good practice if you represent the opposing party. Otherwise, you run the risk that any judgment obtained for *costs* or damages may not be enforceable against the transferee." (Weil & Brown, *supra*, at ¶ 2:509, p. 2-114, italics added.)

Stasa does not argue that the Grossman firm forfeited this argument by failing to raise it below. It did not. An unauthorized award of costs against a nonparty — including a party's attorney — is simply void and can be attacked at any time. (*Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 615-616.)

In sum, then, on this record, the order awarding costs against the Grossman firm cannot be sustained.

IV

FRIVOLOUS APPEAL SANCTIONS

In her respondent's brief, Stasa asks us to award frivolous appeal sanctions against the Grossman firm.

We decline to do so, for the obvious reason that the appeal is meritorious. However, we also deny it for an additional, alternative reason. Under California Rules of Court, rule 8.276(b), there is a clearly prescribed procedure for obtaining frivolous appeal

17

sanctions; it requires a timely motion, as well as a declaration supporting the amount of sanctions sought.  Stasa has disregarded this rule without any apparent good cause.

V

DISPOSITION

The order appealed from, to the extent that it awards costs against the Grossman firm, is reversed.  The Grossman firm is awarded costs on appeal against Stasa.

CERTIFIED FOR PARTIAL PUBLICATION

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

18