Filed 8/20/25  Schmid v. ThompsonGas CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| FREAR STEPHEN SCHMID et al., <br> Plaintiffs and Appellants, <br> v. <br> THOMPSONGAS, LLC. <br> Defendant and Respondent. | A170526 <br><br> (Sonoma County <br> Super. Ct. No. SCV270322) |

Frear Stephen Schmid and Astrid Schmid (collectively the Schmids) challenge the trial court's entry of judgment in ThompsonGas, LLC's (ThompsonGas) favor after the court sustained a demurrer to two causes of action in the Schmids' second amended complaint (SAC) but overruled the demurrer as to others.  We dismiss the appeal on the basis it is taken from a nonappealable order.

## I.    BACKGROUND

The Schmids, the owners of a 61-acre property located in Sonoma County, sued ThompsonGas for installing and connecting a propane tank in violation of a preliminary injunction order that had been issued in a separate lawsuit between the Schmids and the Two Rock Volunteer Fire Department.[1]

---

[1] In that lawsuit, *Schmid v. Two Rock Volunteer Fire Department* et al. (Super. Ct. Sonoma County, 2020, No. SCV266225), the Schmids alleged the

The Schmids also sued the fire department, the fire department's insurance carrier, and the County of Sonoma (County) for purportedly breaching a settlement agreement that had been reached in the other lawsuit.

As relevant here, the SAC claimed defendants violated local code provisions, breached a contract, and engaged in public and private nuisance, among others. ThompsonGas demurred to each of the causes of action alleged against it. The trial court overruled ThompsonGas' demurrer as to five claims and sustained with leave to amend the demurrer to the seventeenth and eighteenth causes of action for public and private nuisance.

The Schmids did not amend their two nuisance claims. ThompsonGas subsequently filed an answer to the surviving causes of action. ThompsonGas also submitted a proposed "Dismissal and Judgment in Favor of Defendants as to Causes of Action 17 and 18" (Dismissal Judgment), which the trial court signed and filed three days after ThompsonGas filed its answer to the remaining claims. ThompsonGas filed a notice of entry of judgment or order relative to the Dismissal Judgment, and then proceeded to file a memorandum of costs.

This appeal followed.

## II. DISCUSSION

The Schmids argue on appeal that the Dismissal Judgment is not a final judgment or an appealable order, "th[eir] appeal requires dismissal," and they should be awarded costs on appeal because "the activities of Thompson[Gas] forced [them] to pursue the appeal to establish the judgment is not an appealable judgment." Alternatively, the Schmids contend that if the Dismissal Judgment is an appealable order, the trial court erred in

---

fire department's newly constructed storage garage, which abutted the Schmids' property, violated local code provisions, zoning ordinances and the use permit for that facility.

2

sustaining ThompsonGas' demurrers to the seventeenth and eighteenth causes of action for public and private nuisance. In response, ThompsonGas contends the Dismissal Judgment should be affirmed. We need not reach the substance of the Dismissal Judgment because the judgment is not an appealable order.[2]

Under the "one final judgment rule," an appeal may only be taken from the final judgment in an entire action. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756.) "A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.) Thus, when a judgment "fails to complete the disposition of all the causes of action between the parties," an appeal cannot be taken. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 (*Morehart*).) The purpose of this rule is to

---

[2] We also deny ThompsonGas' "Application to Attach Additional Pages of Attachments to Respondent's Brief." This application was brought pursuant to California Rules of Court, rule 8.204(d), which allows a party to seek authorization when it wishes to attach more than 10 pages of exhibits, materials in the appellate record, or copies of citable but not readily accessible materials to its brief. ThompsonGas seeks to attach 17 pages of exhibits to its brief, which consist of: (1) the Schmids' notice of appeal from the December 16, 2024, judgment of dismissal the trial court entered in favor of the County; and (2) a November 22, 2024, ruling in another Sonoma County Superior Court matter wherein the trial court found Frear Stephen Schmid to be a vexatious litigant.

It is unnecessary to consider the aforementioned exhibits because we do not reach the merits of ThompsonGas' arguments. Additionally, ThompsonGas' application appears to be an improper attempt to augment the record. Though styled as an application to attach additional pages of exhibits to its brief, ThompsonGas' request actually seeks to supplement the record with matters that occurred after this appeal was filed on May 16, 2024. This is impermissible. (See *In re K.M.* (2015) 242 Cal.App.4th 450, 455–456 [appellate court will normally only consider matters that were part of the record at the time judgment was entered and not matters occurring during the pendency of the appeal].)

prevent "piecemeal disposition and multiple appeals in a single action" which can be "oppressive and costly." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.)

Here, despite being labeled a "Dismissal and Judgment," the Dismissal Judgment was not, in fact, a final judgment in favor of ThompsonGas because it did not dispose of all claims between the Schmids and ThompsonGas.[3] Rather, after the trial court ruled on the pleading challenges, five claims remained against ThompsonGas and ThompsonGas had filed an answer relative to these claims. As such, the Dismissal Judgment did not constitute an appealable final determination of rights between the Schmids and ThompsonGas. (See Code Civ. Proc., § 577; *Morehart*, *supra*, 7 Cal.4th at p. 743.)

The Schmids acknowledge this fact and apparently seek to use this appeal as a vehicle to "establish" the nonappealability of the Dismissal Judgment. But they cite no authority for the proposition that an appeal may be employed for this purpose. (See *Los Angeles Unified School Dist. v. Casasola* (2010) 187 Cal.App.4th 189, 212 [treating as forfeited arguments that are not supported by legal authority].) Further, to the extent the Schmids are seeking some type of affirmative relief, we are unable to provide any because, in the absence of an appealable judgment, we lack jurisdiction over this appeal. (See *Brown v. Upside Gading, LP* (2019) 42 Cal.App.5th

---

[3] In this regard, we note it was improvident for the trial court to enter the Dismissal Judgment as it constituted a judgment as to only a subset of the Schmids' causes of action against ThompsonGas. (See *Contreras-Velazquez v. Family Health Centers of San Diego, Inc.* (2021) 62 Cal.App.5th 88, 102 [entering one judgment as to subset of plaintiff's causes of action and a later second judgment as to the remaining claims would violate the one final judgment rule].)

140, 144 [existence of appealable judgment is a jurisdictional prerequisite to an appeal].)

## DISPOSITION

The appeal is dismissed.  We express no opinion on the merits of the trial court's order sustaining the demurrer to the nuisance claims.  In the interests of justice, no costs are awarded.[4]  (Cal. Rules of Court, rule 8.278(a)(5).)

_____
Clay, J.[*]

WE CONCUR:


_____
Brown, P. J.


_____
Goldman, J.


*Schmid v. ThompsonGas*/A170526

---

[4] The Schmids request that they be awarded costs on appeal because ThompsonGas' pursuit of costs based on the Dismissal Judgment "forced" them to file the present appeal to establish the Dismissal Judgment was not appealable.  We deny this request.  We see no need for the Schmids to have pursued an appeal at this juncture.  If the trial court awarded ThompsonGas costs based on the Dismissal Judgment, the Schmids could have appealed that order and raised their challenges to the Dismissal Judgment at that time.  (See *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354 [costs order is an appealable judgment as it is a final determination of the parties' rights].)

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.