Filed 1/15/26  Marriage of Chay and Ung CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marriage of JENNY CHAY and DAVID UNG. | B337875<br><br>(Los Angeles County Super. Ct. No. 19LBFL01666) |
| JENNY CHAY,<br><br>        Respondent,<br><br>        v.<br><br>DAVID UNG,<br><br>        Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County, Carla L. Garrett, Judge.  Affirmed.

        David Ung, in pro. per., for Appellant.

Jenny Chay, in pro. per., for Respondent.

—————————————————

Appellant David Ung (Ung) appeals from the family court's postjudgment order denying his request to modify child support, custody, and visitation. Because Ung has failed to establish the court abused its discretion, we affirm.

## I.
## BACKGROUND[1]

The family court entered a judgment of dissolution of Ung's marriage to respondent Jenny Chay (Chay) on July 26, 2022, followed by an amended judgment on September 6, 2023. Chay was awarded sole legal and physical custody of the parties' two minor children.

On October 20, 2023, Ung filed a request for order seeking to modify child support, custody, and visitation. At a hearing on December 6, 2023, the family court denied Ung's request. The court noted that it had previously imputed full-time, minimum-wage income to Ung and had ordered him to pay $1,032 monthly in child support. The court found that Ung had not taken his support obligation seriously. The court observed that Ung was "able bodied" and would have to get a job if his $125,000 retirement account was insufficient to meet his obligations. The court found that Ung owed $14,664 in child support arrearages

—————————————————

[1]    Our ability to determine what transpired in the family court is impaired by the lack of a complete record on appeal, including the absence of the judgment of dissolution, amended judgment, and Ung's filings in support of the request for order at the center of this appeal.

2

and ordered those arrearages to be deducted from his retirement account.

Ung timely appealed from the family court's December 6, 2023 order.

## III.
## DISCUSSION

### I.  Scope of Appeal

"Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from."  (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436.)  "In order to be appealable, a postjudgment order must also raise an issue different from those embraced in the judgment; otherwise it would give a party two chances to appeal the same ruling and thus . . . circumvent the time limit on appealing from the judgment." (*Guillemin v. Stein* (2002) 104 Cal.App.4th 156, 161.)

Here, Ung appealed from the family court's December 6, 2023 order denying his request for order to modify child support, custody, and visitation.  He did not appeal from the judgment or amended judgment or the denial of any earlier request for order.  Thus, our review is limited to issues arising from the December 6, 2023 order that are "different from those arising from an appeal from the judgment" or an earlier appealable order.  (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.)  Ung's claims of error regarding the imputation of full-time, minimum-wage income when setting child support, the division of property, and the denial of visitation in April 2023 cannot be reviewed in this appeal because they "could have been reviewed on appeal from the prior judgment[.]"  (*Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 356.)

3

## II. The Family Court Did Not Abuse Its Discretion

"As a general rule, courts will not modify child or spousal support unless there has been a material change of circumstances following the previous determination." (*In re Marriage of Usher* (2016) 6 Cal.App.5th 347, 357 (*Usher*).) "A trial court's order modifying custody is 'appropriate only if the parent seeking modification demonstrates "'a significant change of circumstances' indicating that a different custody arrangement would be in the child's best interest.'" (*In re Marriage of Furie* (2017) 16 Cal.App.5th 816, 826.) A court may change a visitation order that does not affect custody, without a showing of changed circumstances, if it is in the best interests of the child. (*Ibid.*)

We review a ruling on a request to modify child support, custody, and visitation under the deferential abuse of discretion standard. (*Usher*, *supra*, 6 Cal.App.5th at p. 357 [child support]; *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 365 [custody and visitation].) "A court abuses its discretion only when ""the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination."'" (*In re Caden C.* (2021) 11 Cal.5th 614, 641 (*Caden C.*).)

A court order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the appellant's burden to overcome this presumption of correctness by affirmatively showing error. (See *ibid.*) We do not "construct theories or arguments to undermine the [order] and defeat the presumption of correctness." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) "[A]n appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.) A litigant's

election to act in propria persona on appeal does not entitle him to leniency as to the rules of practice and procedure. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

Ung has failed to establish any abuse of the family court's discretion when it denied his request to modify child support, custody, and visitation. First, he has provided us with an insufficient record by which to assess error. (See *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["We cannot presume error from an incomplete record"].) Without Ung's request for order and supporting documents in the record, we cannot ascertain what modifications to support, custody, and visitation Ung sought. Second, Ung provides no reasoned argument suggesting that any material change of circumstances had occurred to compel the modification of child support or custody, or that a change of custody or visitation would indisputably serve the children's best interests. "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.'" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)

In short, Ung had provided no basis upon which we may conclude that the family court abused its """"discretion by making an arbitrary, capricious, or patently absurd determination.""""" (*Caden C.*, *supra*, 11 Cal.5th at p. 641.)

5

### III.
### DISPOSITION

The December 6, 2023 order is affirmed.  Chay is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


                                             SIGGINS, J.*

We concur:


CHAVEZ, Acting P. J.


RICHARDSON, J.

---

*    Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.